OPINION
{¶ 1} Defendant-Appellant, James Lee Smith, appeals the judgment of the Hancock County Court of Common Pleas convicting him of failure to register a change of address in violation of R.C. 2950.05(E)(1). On appeal, Smith argues that the amended statute, resulting in an enhanced penalty, violated the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In January 2003, Smith was convicted of sexual battery, a felony of the third degree, in the Sandusky Court of Common Pleas. The judgment entry provided notice of Smith's duties to register as a "sexually oriented offender" pursuant to R.C. 2950.06. The judgment entry also set forth the penalty for failure to register, pursuant to R.C. 2950.99, which, at that time, was a felony of the fifth degree for Smith's offense. R.C. 2950.99 was subsequently amended, effective January 1, 2004, changing the penalty for failure to register to a felony of the third degree when the original conviction was for a felony of the third degree, as it was for Smith's offense.[1]
 {¶ 3} In April 2006, Smith had registered with the Hancock County Sheriff's Department and advised that he was residing in Findlay, Ohio. *Page 3 
 {¶ 4} In September 2006, Smith's parole officer notified the sheriffs department that Smith's whereabouts were unknown. Attempts were made to contact Smith, but it was reported that he had left the state and moved to an unknown location. Thereafter, the Adult Parole Authority issued a fugitive warrant.
 {¶ 5} In October 2006, the Hancock County Grand Jury indicted Smith for one count of failure to register a change of address in violation of R.C. 2950.05(E)(1), a felony of the third degree.
 {¶ 6} In December 2006, Smith was arrested.
 {¶ 7} In April 2007, Smith moved to dismiss the indictment or reduce the level of offense, asserting a violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. The trial court overruled the motion.
 {¶ 8} In May 2007, Smith entered a no contest plea to the charge as indicted, and the trial court subsequently found Smith guilty. The record indicates that the no contest plea was based upon Smith's desire to appeal the denial of his pre-trial motion concerning the correct penalty level for his offense.
 {¶ 9} In July 2007, the trial court imposed a two-year prison term for the offense, noting that Smith had an extensive record with the criminal justice system dating back to 1979. *Page 4 
 {¶ 10} It is from this judgment that Smith appeals, [2] presenting the following assignment of error for our review.
 THE TRIAL COURT COMMITTED AN ERROR OF LAW IN FINDING THAT THE ENHANCED PENALTY DID NOT VIOLATE THE DUE PROCESS AND EX POST FACTO CLAUSES.
 {¶ 11} On appeal, Smith maintains that he should not be sentenced under amended R.C. 2950.99, which increased the penalties for failing to register as a sex offender. He argues that applying the amended statute to his 2003 classification as a sexually oriented offender is a retroactive application of the law and violates the prohibition against ex post facto laws. Smith further claims that the new penalty violates the Due Process Clause because the only "notice" he received was that failing to register was a fifth degree felony. We disagree with both of Smith's assertions.
 {¶ 12} In State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, this Court discussed the tests for determining what laws violate the constitutional prohibition against ex post facto legislation, including"`[e]very law that changes the punishment, and inflicts a greaterpunishment, than the law annexed to the *Page 5 crime, when committed.'" Id. at ¶ 11, quoting Rogers v. Tennessee
(2001), 532 U.S. 451 (citations omitted) (emphasis sic).
 {¶ 13} We also discussed how the Ohio Constitution prohibits retroactive laws and nullifies new laws that "`reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].'" Id. at ¶ 12, quotingBielat v. Bielat, 87 Ohio St.3d 350, 353, 2000-Ohio-451 (citations omitted).
 {¶ 14} Smith argues that R.C. 2950.99 is an ex post facto law because it changed the penalty for his conduct from a felony of the fifth degree to a felony of the third degree. However, the conduct that R.C. 2950.99
applies to is the failure to register as a sex offender. Smith's conduct, which resulted in his conviction, occurred in 2006, more than two years after the 2004 effective date of amended statute. Therefore, at the time Smith committed his offense, the applicable penalty, under R.C. 2950.99, was a felony of the third degree. This is not a situation where the penalty was changed after his criminal conduct occurred. As such, R.C. 2950.99, as applied to Smith, does not violate the Ex Post Facto Clause.
 {¶ 15} Smith further argues that the change in penalty violated his due process right to notice, because he claims he was only given notice of the lesser penalty. Again, Smith is mistaken. *Page 6 
 {¶ 16} Due Process requires notice and a hearing. McGhee,2006-Ohio-5162, ¶ 14. Moreover, it is well-settled that one is presumed to know the law. State v. Parker (1994), 68 Ohio St.3d 283, 286;State v. Pinkney, 36 Ohio St.3d 190, 198 ("It is an ancient maxim that all are conclusively presumed to know the law."). Also, with the exception of constitutional protections against ex post facto laws, "`felons have no reasonable right to expect that their conduct willnever thereafter be made the subject of legislation.'" State v.Cook, 83 Ohio St.3d 404, 412, 1998-Ohio-291, (emphasis sic), quotingState ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281-82.
 {¶ 17} At his original sentencing and classification for his sexually oriented offense in January 2003, Smith was informed that he had a duty to register as a sexually oriented offender, and that his failure to register would be a violation of the law and carry the sanctions stated in R.C. 2950.99. In 2003, the penalty for failure to register under R.C. 2950.99 would have been a felony of the fifth degree. As noted above, the law was subsequently amended, and the penalty was changed to a felony of the third degree, as applicable to Smith's offense.
 {¶ 18} At the time of his original offense, Smith had a hearing and was clearly given notice that future conduct could result in an additional penalty, and more specifically, a felony. The fact that the penalty changed from a felony of the fifth degree to a felony of the third degree does not mean that Smith did not *Page 7 
receive notice. There are no guarantees that new laws will not be enacted or that laws will not be modified. It is every citizen's responsibility to know the law, and in fact, one is presumed to know the law. See, e.g., Parker, supra. Smith cannot claim that his ignorance of the law amounted to a lack of notice. Furthermore, at his plea hearing, Smith indicated in writing and verbally in open court that he was aware that his offense was a felony of the third degree and could potentially carry a prison sentence of one, two, three, four, or five years.
 {¶ 19} Accordingly, Smith's assignment of error is overruled.
 {¶ 20} Having found no errors prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur.
[1] R.C. 2950.99 was amended by H.B. 140 and S.B. 5 in July 2003, which became effective January 1, 2004. It has subsequently been amended; however, the later amendments did not change the level of the offenses. See R.C. 2950.99(A)(1).
[2] Smith originally filed a timely notice of appeal in July 2007, and the trial court issued an order appointing appellate counsel. In October 2007, this Court denied an untimely motion for an extension of time to file the appellate brief and ordered counsel to show cause why the appeal should not be dismissed. On October 25, 2007, this Court dismissed the appeal for want of prosecution due to counsel's failure to respond to the show cause order and remanded the matter to the trial court. In February 2008, the trial court appointed new appellate counsel, who filed an application to reopen the appeal. In April 2008, this Court granted the motion and allowed the appeal. *Page 1