[Cite as *State v. Moore*, 2011-Ohio-3953.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-59 |
| MICHAEL R. MOORE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Muskingum County Court
of Common Pleas Case No. CR2010-0140

JUDGMENT:        AFFIRMED

DATE OF JUDGMENT ENTRY:   August 3, 2011

APPEARANCES:

For Plaintiff-Appellee:       For Defendant-Appellant:

D. MICHAEL HADDOX 0004913   KYLE S. WITUCKY 0086250
Muskingum County Prosecutor   Stubbins, Watson, & Bryan Co., LPA
27 N. 5th St.         59 N. 4th St., P.O. Box 488
Zanesville, Ohio 43702     Zanesville, Ohio 43702

*Delaney, J.*

{¶1} Defendant-Appellant, Michael R. Moore, appeals the judgment of the Muskingum County Court of Common Pleas, convicting him of one count of failure to notify, in violation of R.C. 2950.05(A), a felony of the second degree.

{¶2} In March, 1993, Appellant entered a guilty plea to one count of attempted rape, a felony of the second degree, in violation of R.C. 2907.02. Appellant was sentenced to five to fifteen years in prison.

{¶3} In 2004, while Appellant was incarcerated, he was classified as a sexually oriented offender pursuant to R.C. 2950.03, and notified of his registration requirements, which, under Megan's law, would last for ten years upon release from prison. The judgment entry also set forth the penalty for failure to register, pursuant to R.C. 2950.99, as a felony of the fifth degree.

{¶4} Appellant was released from prison on February 10, 2006. At that time, he registered as a sex offender in Muskingum County. Accordingly, Appellant is required to comply with current registration requirements until February, 2016. In May, 2010, pursuant to his registration requirements, Appellant failed to notify authorities that he had changed his address. Accordingly, he was indicted on one count of Failure to Notify authorities of his change of address, in violation of R.C. 2950.05(A), a felony of the second degree. Upon the effective date of the Adam Walsh law (S.B. 10), the penalty for failure to notify was increased to a second degree felony, pursuant to 2950.99, as amended.

{¶5} Appellant pled guilty to the charge on September 13, 2010, and Appellant was sentenced on the offense, as charged, on December 2, 2010, wherein he was

sentenced to two years in prison. At the trial court level, Appellant's counsel disagreed with the level of offense; however, counsel never raised the issue via a motion to dismiss and failed to raise any constitutional challenge to the charge or conviction at the trial court level.

{¶6} Appellant now appeals the conviction, and raises one Assignment of Error for our review:

{¶7} "I. WHEN APPELLANT WAS CONVICTED AND CLASSIFIED AS A SEXUALLY-ORIENTED OFFENDER UNDER MEGAN'S LAW, AND NOTIFIED THAT HIS FAILURE TO COMPLY WITH ITS REGISTRATION REQUIREMENTS WOULD BE A FIFTH DEGREE FELONY, THE TRIAL CROUT ERRED WHEN IT FOUND THAT APPELLANT'S FAILURE TO REGISTER UNDER R.C. 2950.05(A) IS A FELONY OF THE SECOND DEGREE, AS PER THE ADAM WALSH ACT."

I.

{¶1} In his sole assignment of error, Appellant argues that the trial court erred in finding that Appellant was guilty of failure to notify under R.C. 2950.05(A) as a felony of the second degree because to do so would violate Appellant's constitutional rights. Appellant argues multiple constitutional challenges, including that his conviction violated the separation of powers doctrine, violates due process, and violates ex post facto laws.

{¶2} However, as noted earlier, Appellant did not raise a single constitutional challenge prior to being sentenced on the underlying charge. In addition, Appellant never moved to dismiss the indictment or reduce the level of offense at any time. We therefore decline to address Appellant's constitutional arguments, as they are being raised for the first time on appeal. A defendant forfeits a constitutional challenge by

failing to raise such a challenge in the trial court. See *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus (holding that a constitutional issue not raised at trial is forfeited and "need not be heard for the first time on appeal"); accord *State v. Harris*, 10th Dist. No. 08AP-723, 2009-Ohio-1188, ¶ 3.

{¶3} Consequently, we find that Appellant's constitutional challenges, which are raised for the first time before this Court, are not subject to our review.

{¶4} It also should be noted this Court recently rejected similar constitutional challenges to the increased penalty provision in *State v. Poling*, 5th Dist. No. 2009-CA-00264, 2011-Ohio-3201, decided on June 27, 2011. See also, *State v. Smith*, 3rd Dist. No. 5-07-23, 2008-Ohio-4778.

{¶5} Appellant's assignment of error is overruled.

{¶6} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. JOHN W. WISE

[Cite as *State v. Moore*, 2011-Ohio-3953.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL R. MOORE | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-59 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE