[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 283.]

THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.* PARKER,

APPELLEE AND CROSS-APPELLANT.

[Cite as *State v. Parker*, 1994-Ohio-93.]

*Municipal corporations—Streets and highways—Traffic laws—Municipality not obligated to post signs notifying motor vehicle operators of local traffic ordinances not in conflict with state law.*

A municipality is not obligated to post signs notifying motor vehicle operators of local traffic ordinances not in conflict with state law.

(No. 92-1621—Submitted October 19, 1993—Decided February 9, 1994.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Lucas County, No. L-91-207.

———————————

{¶ 1} On January 30, 1991, Victor J. Parker, appellee and cross-appellant, was operating a semi-tractor trailer hauling a load within the city limits of Toledo when he was stopped by an Ohio State Highway Patrol trooper. At the time, Parker had just exited Interstate 75 and was traveling on South Street to reach the interstate "on" ramp. After the trooper weighed the vehicle, Parker was cited for violating a city ordinance prohibiting excess vehicle weight, Toledo Municipal Code 339.01. Although the state had issued a special haul permit for the overweight vehicle, Parker did not have a city permit for this haul. The municipal court found Parker guilty of violating the ordinance. Upon appeal, his conviction was reversed.

{¶ 2} The cause is before this court pursuant to the allowance of a motion and cross-motion to certify the record.

———————————

*John T. Madigan*, Chief Prosecutor of Toledo, for appellant and cross-appellee.

*Konrad Kuczak*, for appellee and cross-appellant.

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 3} This case presents two issues for our review: (1) Whether the city of Toledo is obligated to post traffic signs to provide notice to motor vehicle operators of local traffic regulations dealing with a vehicle weight restriction and a permit requirement, and (2) whether the tractor-trailer was weighed in conformity with state law. For the reasons which follow, we determine that the city is not obligated to post traffic signs in this case and, further, that the vehicle was weighed in accordance with the requirements of the state statute.

{¶ 4} Promptly after the establishment of home rule in Ohio, municipal control over municipal streets was clearly enunciated. *Billings v. Cleveland Ry. Co.* (1915), 92 Ohio St. 478, 111 N.E. 155. According to the Home Rule Amendment (Section 3, Article XVIII of the Ohio Constitution), a municipality has "authority to exercise all powers of local self-government and to adopt and enforce within [its] limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Under the general concept of preemption, a local regulation is valid if it is consistent with the related state statute. *Weir v. Rimmelin* (1984), 15 Ohio St.3d 55, 57, 15 OBR 151, 153, 472 N.E.2d 341, 344.

{¶ 5} R.C. Title 45 was enacted to provide uniformity in traffic laws throughout the state of Ohio. *Cleveland Hts. v. Woodle* (1964), 176 Ohio St. 113, 116, 27 O.O.2d 5, 7, 198 N.E.2d 68, 70.

{¶ 6} R.C. 4511.07, however, provides:

"Sections 4511.01 to 4511.78, 4511.99 and 4513.01 to 4513.37 of the Revised Code do not prevent local authorities from carrying out the following activities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power:

"* * *

2

"(I) Regulating the use of certain streets by vehicles, streetcars, or trackless trolleys.

"No ordinance or regulation enacted under division * * * (I) of this section shall be effective until signs giving notice of the local traffic regulations are posted upon or at the entrance to the highway or part of the highway affected, as may be most appropriate."

{¶ 7} In *Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand & Gravel* (1993), 67 Ohio St.3d 579, 621 N.E.2d 696, we interpreted the "do not prevent" provision of R.C. 4511.07 to be phrased with regard to the powers which may be exercised by a municipality. We stated that a municipality may regulate in a particular area whenever the regulation is not in conflict with general laws. Thus, we concluded that in regard to municipalities, the "do not prevent" provision effectively provides on its face that those general laws must not stand in the way of municipal regulation in these areas.

{¶ 8} In *Munn*, we also clarified *dictum* found in *Columbus v. Webster* (1960), 170 Ohio St. 327, 10 O.0.2d 419, 164 N.E.2d 734, that seemed to indicate that a municipality's authority to regulate traffic comes from R.C. 4511.07. We restated that a municipality's authority to regulate traffic comes from the Ohio Constitution; it does not come from R.C. 4511.07.

{¶ 9} Thus, while a municipality has the power to regulate traffic within its jurisdiction, if local traffic regulations are at variance with provisions of state law, they do not become effective "until signs giving notice of the local traffic regulations are posted * * *." R.C. 4511.07. This is a notice requirement and its purpose is clear. While the municipality may legislate in this area, it must post signs to give warning of a variant local regulation to drivers so that they may not unwittingly violate the law.

{¶ 10} Toledo Municipal Code 339.05(A)(5) provides that the maximum weight for a vehicle such as the one operated by Parker is 80,000 pounds. This

weight is identical to the limitation set forth in former R.C. 5577.04 (now R.C. 5577.04[C]). Notwithstanding this analogous provision, Parker contends that Toledo was impelled to post a sign apprising drivers that vehicles weighing in excess of 80,000 pounds were prohibited on its streets.

{¶ 11} We reject this contention. The city's permissible vehicle weight limit parallels the state's allowable vehicle weight limit. As such, there is no variant local regulation which could trap unsuspecting drivers, and, therefore, a sign is not required.

{¶ 12} Parker also contends that Toledo was obligated to post a sign notifying drivers as to the need of obtaining a city permit if the vehicle weight limit has been exceeded.

{¶ 13} To provide flexibility for use of streets by overweight motor vehicles, statutes and ordinances commonly confer discretionary power upon state and local authorities to waive regulations of this type and to issue special haul permits for the operation of noncomplying vehicles for a limited time or special purpose. The permit serves as an exception to the operation of the laws, and it furnishes a defense to one charged with operating a vehicle of excessive weight which otherwise would be unlawful. Fisher & Reeder, Vehicle Traffic Law (1974 Rev.Ed.) 275.

{¶ 14} Toledo has passed such legislation. Toledo Municipal Code 339.01 provides in part:

"No person shall operate * * * any vehicle * * * over or upon any public street, highway, alley, bridge or structure * * * in excess of the maximum limitations prescribed in this chapter * * * except pursuant to a special written permit issued by either the Ohio Director of Transportation or the Director of Public Service as specified in Section 339.02."

{¶ 15} Toledo Municipal Code 339.02(a) provides that "the Ohio Director of Transportation shall have the authority to issue the permit if movement is to be

4

made entirely on a roadway or roadways which are part of the State highway system within the City and provided also that such movement is to be made partly within and partly without the corporate limits of the City." Toledo Municipal Code 339.02(b) states, "[w]henever the movement of a vehicle * * * requires a special permit, the Director of Public Service shall have authority to issue such a permit except as provided in subsection (a) * * *."

{¶ 16} R.C. 4513.34 is similar to the Toledo ordinances in that the Ohio Director of Transportation is given authority to issue a special overweight vehicle permit with respect to all highways which are part of the state highway system and local authorities shall issue special permits with respect to highways under their jurisdiction. The Toledo ordinance does not conflict with this state statute.

{¶ 17} As there is no conflict with state law, Toledo had authority to require a city permit in this case. Moreover, it is well settled that one is presumed to know the law, and that includes traffic regulations as well. See, generally, *Toledo v. Kohlhofer* (1954), 96 Ohio App. 355, 54 O.O. 360, 122 N.E.2d 20. Therefore, Parker is chargeable with knowledge that, regardless of the absence of a sign articulating that a city permit is required if one is operating an overweight vehicle on the city streets, failure to obtain a city permit is a violation of the law.

{¶ 18} Further, it is no defense that Parker had been issued an overweight vehicle state permit. When he was stopped by the state trooper he was operating an overweight vehicle on a city street which could not be authorized by the terms of the state permit. While on this city street, he had no greater right to operate an overweight vehicle than an operator who had no permit at all, and he was properly cited for a violation of the city ordinance.

{¶ 19} Accordingly, we hold that Toledo, pursuant to its home-rule powers, had the authority to enact legislation setting a vehicle weight limit and requiring the issuance of a city special haul permit if that weight is exceeded. Further, as one is presumed to know the law, a municipality is not obligated to post signs notifying

motor vehicle operators of local traffic ordinances not in conflict with state law. We reverse the court of appeals, and reinstate the trial court's conviction.

{¶ 20} In his cross-appeal, Parker contends that the weighing of his truck was not in conformity with R.C. 4513.33.

{¶ 21} Traffic law enforcement officers are given statutory authority to stop and investigate vehicles which they have reasonable ground to believe are being operated in violation of the weight laws. R.C. 4513.33. This section provides the method to weigh the truck axles. When using portable scales, "all axles [of the vehicle] shall be weighed simultaneously by placing one such scale under the outside wheel of each axle." Parker argues that the trooper improperly weighed his vehicle by placing the portable scales under both the inside and outside wheels of each axle instead of under the outside wheel alone.

{¶ 22} The city does not contest that both the inside and outside wheels of each axle were weighed simultaneously. However, the city contends that R.C. 4513.33 does not prohibit this weighing method. The city asserts that the statute only requires at a minimum that the outside wheel of each axle be weighed. Toledo believes the fact that the trooper went beyond the mandates of the statute should not be used as a basis for overturning the conviction.

{¶ 23} We find that the state trooper substantially complied with the terms of the statute. Ohio Highway Patrol Trooper Earl W. Click was a twenty-nine-year veteran of the State Highway Patrol and had been in charge of scale operations for the previous fourteen years. In weighing Parker's vehicle, Trooper Click did more than what was required under the statute. Trooper Click determined the weight of the vehicle to be 153,000 pounds. This is no small deviation from the maximum weight limit of 80,000 pounds. More importantly, Parker does not contend that his vehicle was not overweight. Thus, absent a showing of prejudice, Parker cannot claim error with the method of weighing employed by the state trooper. We affirm the court of appeals on the cross-appeal.

6

*Judgment affirmed in part*
*and reversed in part.*

A.W. SWEENEY, WRIGHT, REECE and PFEIFER, JJ., concur.

MOYER, C.J., concurs separately.

DOUGLAS, J., not participating.

JOHN W. REECE, J., of the Ninth Appellate District, sitting for RESNICK, J.

_____

**MOYER, C.J., concurring separately.**

{¶ 24} I concur in the judgment, syllabus and opinion, except to the extent that the opinion suggests that the weighing of the vehicle by placing the scales under both the inside and outside wheels of each axle constitutes substantial compliance with R.C. 4513.33. To the extent that that conclusion is at least impliedly a statement of law, I do not concur. I would presume that the General Assembly had some reason to expressly provide for the weighing of such vehicles by placing scales under only the outside wheels. As explained by counsel, different forces are produced by placing a scale under both wheels simultaneously as opposed to a scale under the outside wheel alone, resulting in a different reading under each of these methods. However, I concur in the judgment because, as the opinion emphasizes, the vehicle operated by Parker weighed 73,000 pounds over the weight limit and appellee does not argue that his vehicle was not overweight. Therefore, any error in the manner in which his vehicle was weighed was not prejudicial.

_____