OPINION
Appellant Nancy Faber is appealing the decision of the Ashland Municipal Court that found her guilty of a violation of R.C. 5577.04, which sets forth the rules regarding the gross vehicle weights for commercial vehicles. The facts giving rise to this appeal are as follows.
On October 28, 1997, the tires on appellant's vehicle went flat. As she was waiting for a repair service to arrive, an Ohio State Trooper pulled in behind her vehicle. The trooper advised appellant that he wanted to weigh her vehicle. After some delay, appellant drove her vehicle to the Stone Lutheran Church where the weigh team had set up portable scales to weigh her vehicle. Prior to appellant's arrival at the church, the weigh team checked the area for levelness pursuant to R.C. 4513.33.
Upon weighing appellant's vehicle, the weigh team determined that appellant's vehicle was 46,100 pounds over the permitted weight for her vehicle. Appellant entered a plea of not guilty to the above charge and this matter proceeded to a bench trial on April 9, 1997. The trial court found appellant guilty of the charged violation and imposed a fine of $1,543. Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT CONVICTED THE APPELLANT OF R.C. 5577.04 DESPITE THE STATE FAILING TO COMPLY WITH THE REQUIREMENTS SET FORTH IN R.C. 4513.33.
 I
Appellant contends, in her sole assignment of error, that the trial court's judgment convicting her of a violation of R.C.5577.04 is against the manifest weight of the evidence because the State failed to establish, at trial, that it complied with the requirements of R.C. 4513.33 in weighing appellant's vehicle. We disagree.
As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus.
The statute appellant claims the State failed to comply with is R.C. 4513.33, which provides, in pertinent part:
 * * * During the determination of weight by compact, self-contained, portable, sealed scales, specifically adapted to determining the wheel loads of vehicles on highways, they shall always be used on terrain of sufficient length and width to accommodate the entire vehicle being weighed. Such terrain shall be level, or if not level, it shall be of such elevation that the difference in elevation between the wheels on any one axle does not exceed two inches and the difference in elevation between axles being weighed does not exceed one-fourth inch per foot of the distance between said axles.
 In all determination of all weights, except gross weight, by compact, self-contained, portable sealed scales, specially adapted to determining the wheel loads of vehicles on highways, all successive axles, twelve feet or less apart, shall be weighed simultaneously by placing one such scale under the outside wheel of each such compact, self-contained, portable sealed scales, specially adapted to determining the wheel loads of vehicles on highways, all axles shall be weighed simultaneously by placing one such scale under the outside wheel of each axle. * * *
In State v. Dryer (1987), 36 Ohio App.3d 193, syllabus, the court held:
 R.C. 4513.33 mandates that elevation measurements and tolerance calculations be performed individually for every vehicle before the vehicle can be properly weighed with portable scales. See also, State v. Dryer (1989), 65 Ohio App.3d 463; State v. Reiger (1978), 63 Ohio App.2d 135.
In support of this assignment of error, appellant maintains the State failed to present evidence to prove the elevational difference across each axle was less than two inches and failed to establish the distance between each successive axle when leveling the area. We find the record contains evidence which establishes the State substantially complied with the requirements of R.C.4513.33. In the case of State v. Parker (1994), 68 Ohio St.3d 283, the Ohio Supreme Court found substantial compliance sufficient to support a conviction for a violation of R.C.5577.04.
As in Parker, we find the weigh team substantially complied with the terms of the statute. The weight of appellant's vehicle was determined to be 123,600, revealing an excess weight of 46,100. The facts of this case do not present a situation wherein appellant's vehicle was slightly over the weight limitation. Appellant's vehicle was substantially over the weight limitation. Further, as in Parker, appellant does not even attempt to argue that her vehicle was not above the permitted weight limit, she merely contends the State failed to establish that the weigh team complied with the procedures contained in R.C. 4513.33. Therefore, absent a showing of prejudice, appellant cannot claim error with the method of weighing employed by the weigh team.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is hereby affirmed.
By: Wise, J. Farmer, P. J., and Reader, J., concur.
 JUDGMENT ENTRY
CASE NO. CA 1218
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland Municipal Court of Ashland County, Ohio, is affirmed.