[Cite as *Village of St. Paris v. Galluzzo*, 2014-Ohio-3260.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| VILLAGE OF ST. PARIS | : | |
| | : | Appellate Case No. 2014-CA-4 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-TRD-2570 |
| v. | : | |
| | : | |
| MICHAEL A. GALLUZZO | : | (Criminal Appeal from |
| | : | Champaign County Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 25th day of July, 2014.

. . . . . . . . . .

JARED B. CHAMBERLAIN, Atty. Reg. #0090785, Chamberlain Law Group, 419 North Wayne Street, Piqua, Ohio 45356
        Attorney for Plaintiff-Appellee

MICHAEL A. GALLUZZO, Post Office Box 710, St. Paris, Ohio 43072
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.,

{¶ 1}    Defendant-appellant Michael Galluzzo appeals from his conviction and sentence

for expired vehicle registration, in violation of Village of St. Paris Ordinance 71.01.  Galluzzo

contends that the Champaign Municipal Court lacked both subject-matter and personal jurisdiction. He also contends that the trial court erred by striking his demurrer. He further contends that the ordinance infringes upon his constitutional right to travel. Galluzzo claims that he is not required to register his automobile because it is a consumer good. He also argues that the Village ordinance constitutes an unconstitutional "Bill of Pains and Penalties." Finally, he argues that the trial court improperly denied him access to its rulings, and improperly denied his request for findings of fact.

{¶ 2}    We conclude that the trial court did not err in striking the demurrer, because demurrers are not recognized pleadings in Ohio. We further conclude that the trial court had both subject-matter and personal jurisdiction in this matter. We find no infringement upon Galluzzo's right of travel. Galluzzo's arguments that he is not required to register his vehicle, and that the Village ordinance is a bill of pains and penalties are without merit. Finally, we conclude that Galluzzo was not improperly denied access to rulings or findings of fact. Accordingly, the judgment of the trial court is Affirmed.

### I.   The Course of Proceedings

{¶ 3}    In December 2013, Police Officer Tim Taulbee stopped Galluzzo and cited him for expired vehicle registration, in violation of St. Paris Village Ordinance 71.01, a minor misdemeanor traffic charge. Prior to his arraignment, Galluzzo, acting pro se, filed a demurrer to the complaint, in which he argued that the Municipal Court lacked jurisdiction over the matter. The demurrer also argued that he was exercising his right to travel, and therefore did not commit any act for which he could be arrested. Finally, he argued that his vehicle is a consumer good,

for which registration is not required.

{¶ 4} At his arraignment, Galluzzo declined to enter a plea, stating that he would enter the demurrer instead of a plea. The trial court entered a plea of not guilty on his behalf. The matter was set for trial.

{¶ 5} Before trial, by written entry, the trial court struck Galluzzo's demurrer. At the commencement of the trial, Galluzzo again asserted his right to file a demurrer. The trial court informed Galluzzo that the demurrer had been stricken, and the attendant motion to dismiss for lack of jurisdiction had been overruled. The prosecution presented the testimony of Officer Taulbee. Galluzzo was permitted to cross-examine the officer. Thereafter, the prosecution rested. Galluzzo declined to call any witnesses, and did not testify on his own behalf. The trial court permitted both parties to make closing arguments during which Galluzzo argued the trial court's lack of jurisdiction and also that he was not required to register his vehicle. He further argued that the State of Ohio had prevented him from registering his vehicle, but did not present any evidence in support thereof.

{¶ 6} The trial court filed a sentencing entry, in which it found the violation had been proven. The court fined Galluzzo $100. Thereafter, Galluzzo filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. The trial court denied the motion. Galluzzo filed this pro se appeal.

## II. The Trial Court Did Not Err in Striking Galluzo's Demurrer

{¶ 7} For his First Assignment of Error, Galluzzo asserts the following:

AS A MATTER OF LAW, THE CORPORATE COURT COMMITTED

PLAIN ERROR WHEN THE COURT ERRONEOUSLY STRUCK THE DEFENDANT'S COMMON LAW DEMURRER WITHOUT HOLDING THE REQUIRED HEARING PURSUANT TO OHIO REVISED CODE 2941.62 WHERE A COMMON LAW DEMURRER EXISTS AS A CONSTITUTIONAL VEHICLE TO CHALLENGE JURISDICTION AND FOR AND OTHER [SIC] ATTACKS ON THE SUFFICIENCY OF AN ACCUSATORY PLEADING.

**{¶ 8}** Galluzzo appears to be making five arguments in support of this assignment of error. First, he contends that the trial court erred by striking his demurrer. Next, he contends that the trial court lacked both personal and subject-matter jurisdiction. Galluzzo also contends that the ordinance and the prosecution for its violation infringe upon his constitutional right to travel. He also claims that he cannot be required to register his vehicle, because it is a consumer good. Finally, Galluzzo contends that the ordinance constitutes a "Bill of Pains and Penalties."

**{¶ 9}** We begin with the issue of the demurrer. Galluzzo contends that he has the right to file a common law demurrer to the charges. In support, he cites R.C. 2941.57, which permits demurrers to indictments, and R.C. 2941.62, which requires a hearing thereon. The prosecution contends that demurrers were abolished by Crim.R. 12(A).

**{¶ 10}** While Crim.R. 12(A) does abolish demurrers, it is not applicable in this case. The Ohio Traffic Rules apply to all matters involving the "violations of a law, ordinance, or regulation governing the operation and use of vehicles." Crim.R. 1(C)(3); Traf.R. 1(A) and 2(A). Traf.R. 11 is the equivalent of Crim.R. 12(A), relating to pleadings and motions before plea and trial. While it does not specifically abolish demurrers, it does not mention demurrers as permissible pleadings. Traf.R. 11(A). In any event, demurrers "were previously abolished in

misdemeanor cases by R.C. 2937.04, and exceptions to the complaint that could have been made thereunder were consolidated into a motion to dismiss the complaint." 2 Katz & Giannelli, *Criminal Law*, Section 47.2, fn. 2 (2009). We conclude that the trial court did not err in striking the demurrer.

{¶ 11} We next turn to the question of jurisdiction. The decision of the Fifth District Court of Appeals in *City of Mount Vernon v. Young*, 5th Dist. Knox No. 2005CA45, 2006-Ohio-3319, is instructive. In that case, the court stated:

> The judicial power of the state is vested in "such other courts inferior to the supreme court as may from time to time be established by law." Section 1, Article IV, Ohio Constitution. The constitution gives the General Assembly the power to provide for municipal courts and their jurisdiction. *Behrle v. Beam*, 6 Ohio St.3d 41, 42, 451 N.E.2d 237 (1983). Municipal courts, as they exist today in Ohio, were established in 1951 with the enactment of R.C. Chapter 1901. *Id.*, *State v. Spartz*, 12th Dist. Madison No. CA99-11-026, 2000 WL 204280, * 1 (Feb. 22, 2000).

> Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. See R.C. 2901.11(A). More to the point, municipal courts have jurisdiction over misdemeanor offenses.

> Pursuant to R.C.1901.20, "The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory."

* * *

The Ohio Constitution Section 3, art. 18, provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." The Ohio Supreme Court in *Village of Struthers v. Sokol*, 108 Ohio St. 263, 140 N.E.2d 519 (1923)  noted " * * * by virtue of section 3, art. 18, of the Ohio Constitution, as amended in 1912, municipalities of the state have police power directly conferred by the people in all matters of local self-government * * *." *Id.* at 267, 140 N.E.2d 520-521. "Promptly after the establishment of home rule in Ohio, municipal control over municipal streets was clearly enunciated. *Billings v. Cleveland Ry. Co.*, 92 Ohio St. 478, 111 N.E. 155 (1915)." *State v. Parker*, 68 Ohio St.3d 283-284, 626 N.E.2d 106, 107 (1994).  *In Parker* the Court reiterated " * * * a municipality's authority to regulate traffic comes from the Ohio Constitution * * *."  *Id*. at 285, 626 N.E.2d at 108.

*Young* at ¶ 54-58.

{¶ 12}    R.C.1901.02 confers jurisdiction upon the Champaign County Municipal Court for misdemeanors occurring within its territorial boundaries. Galluzzo failed to refute evidence that the offense with which he was charged occurred in the Village of St. Paris, nor did he refute the evidence that the Village is located within Champaign County.   Thus, the Champaign County Municipal Court has subject-matter jurisdiction over the violation of the ordinance of the Village of St. Paris.   We conclude that the trial court properly exercised jurisdiction over the appellant

and the case at bar.

{¶ 13}   Galluzzo next contends that R.C. 4503.11 is unconstitutional, because it prevents him from exercising his right to travel by car.

{¶ 14}   Statutes are presumed to be constitutional. *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955).   All reasonable doubts as to the constitutionality of a statute must be resolved in its favor.   *Id.*   Courts have a duty to liberally construe statutes in order to save them from constitutional infirmities. *Wilson v. Kennedy*, 151 Ohio St. 485, 492, 86 N.E.2d 722 (1949).

{¶ 15}   This issue has been recently decided by the Tenth District Court of Appeals in *State v. Gunnell*, 10th Dist. Franklin No 13AP-90, 2013-Ohio-3928, ¶ 13, wherein the court stated:

> [A challenge to R.C. 4503.11 - vehicle registration requirements - fails] as "there is no fundamental right to drive a motor vehicle," and "[a] burden on a single mode of transportation simply does not implicate the right to interstate travel." *Duncan v. Cone*, 6th Cir. No. 00–5705, [2000 WL 1828089] (Dec. 7, 2000). See also *Aziza El v. Southfield*, E.D.Mich. No. 09–11569[,] [2010 WL 1063825] (Mar. 22, 2010) ("Plaintiff does not have a constitutional right to operate a motor vehicle and state licensure and registration requirements do not violate an individual's constitutional right to travel"); *McGhee v. McCall*, W.D.Mich. No. 1:10–cv–333[,] [2010 WL 2163818] (Apr. 19, 2010) (noting that "federal courts uniformly reject suits by plaintiffs who seek vindication of their nonexistent 'right' to operate motor vehicles without complying with state

licensing laws").

{¶ 16}  We agree.

{¶ 17}  Galluzzo next contends that he cannot be required to register his vehicle, because it is a consumer or household good, as defined by the Uniform Commercial Code.  He fails to cite, and we have not found, any controlling case or statutory law or Constitutional provision that supports this argument.  Whether or not Galluzo's motor vehicle is deemed to be a consumer or household good, it is subject to motor vehicle registration requirements.

{¶ 18}  Finally, Galluzzo contends that the registration ordinance constitutes a constitutionally prohibited Bill of Attainder or Bill of Pains and Penalties.  In support, he argues that "traffic statutes and ordinances, prosecuted under alleged criminal law, that proscribe penalties before any trial or conviction, are in essence, bills of pains and penalties."  Appellant's Brief p. 16.  He claims that because he was informed at arraignment that the offense carries up to a $150 fine, his penalty was "proscribed * * * before any trial or conviction," thus making it a bill of pains and penalties.  *Id.* at p. 17.

{¶ 19}  A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial."  *Nixon v. Adm. of Gen. Serv.*, 433 U.S. 425, 468, 97 S.Ct. 2777, 53 L.Ed.2d 867, (1977).  A bill of pains and penalties is similar except that the "punishment is less severe."  *Black's Law Dictionary* 88 (5th Ed. 1983).  Such bills are prohibited by the United States Constitution.  U.S. Constitution, Article I, Section 10, cl. 1.

{¶ 20}  We conclude that this argument is without merit, because Galluzzo was afforded the protection of a trial prior to the imposition of a punishment.  The mere fact that the trial court

advised him of the possible penalties prior to trial does not change this conclusion.

{¶ 21}   Galluzzo's First Assignment of Error is overruled.

**III.   The Trial Court Did Not Deny Galluzo Access to its Rulings, and Was Not Required to Make Findings of Fact or Conclusions of Law Pursuant to Civ.R. 52**

{¶ 22}   Galluzzo's Second Assignment of Error states:

PURSUANT TO THE PRECEDING, THE CORPORATE COURT COMMITTED PLAIN ERROR WHEN IT RUSHED TO JUDGMENT WHILE WITHHOLDING JUDICIAL DECISIONS AND FILINGS FROM THE DEFENDANT UNTIL AFTER THE HEARING AND PROHIBITING THE DEFENDANT FROM SEEING AND ADDRESSING THOSE ISSUES DURING THE HEARING.   THE CORPORATE COURT FURTHER DENIED THE DEFENDANT FINDINGS OF FACT AND CONCLUSIONS OF LAW.

{¶ 23}   Galluzzo contends that the trial court erred by denying him access to its decision striking his demurrer, and by denying him the opportunity to address the issues raised therein at trial.   He further contends that the trial court erred by denying his Civ.R. 52 motion for findings of fact.

{¶ 24}   We first note that the record does not support a finding that the trial court denied Galluzzo access to its decision striking his demurrer.   Furthermore, Galluzzo was permitted to reiterate all of the claims raised in his demurrer prior to the presentation of testimony.   We find no error.

{¶ 25}   After the sentencing entry was filed, Galluzzo filed a request for findings of

fact and conclusions of law, pursuant to Civ.R.. 52, which the trial court denied.  We find no error; Civ.R. 52 is not applicable to criminal proceedings

{¶ 26}   The Second Assignment of Error is overruled.


## IV.   Conclusion

{¶ 27}   All of Galluzzo's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .


FROELICH and WELBAUM, JJ., concur.


Copies mailed to:

Jared B. Chamberlain
Michael A. Galluzzo
Hon. Gil S. Weithman