[Cite as *Dayton v. Galluzzo*, 2014-Ohio-4854.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

CITY OF DAYTON                          :

    Plaintiff-Appellee                  :                   C.A. CASE NO.    25913

v.                                      :                   T.C. NO.    13TRD712

MICHAEL A. GALLUZZO                     :                   (Criminal appeal from
                                                            Municipal Court)

    Defendant-Appellant          :

                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____31ˢᵗ_____ day of _____October_____, 2014.

. . . . . . . . . .

ANDREW D. SEXTON, Atty. Reg. No. 0070892, Assistant City Prosecutor, 335 W. Third
Street, Rm 372, Dayton, Ohio 45402
       Attorney for Plaintiff-Appellee

MICHAEL A. GALLUZZO, P. O. Box 710, St. Paris, Ohio 43072
       Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Michael A. Galluzzo appeals from a judgment of the Dayton Municipal Court, which found him guilty of a turn signal violation and fined him $100. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} On January 12, 2013, Galluzzo was cited for failure to signal a left turn from East Fifth Street onto Wright Avenue in the City of Dayton, a minor misdemeanor. He was ordered to appear in the Dayton Municipal Court on January 22, 2013. At that time, Galluzzo "demurred"; the magistrate entered a not guilty plea on his behalf (an act to which Galluzzo objected) and set the matter for trial. Galluzzo subsequently filed a written Demurrer, citing the Uniform Commercial Code; he also requested several continuances and documents related to his case. On April 1, 2013, Galluzzo filed a Memorandum in Support of Demurrer and Counterclaim.

{¶ 3} On April 3, 2013, a trial was held before a magistrate, and Galluzzo was found guilty of a turn signal violation. He was fined $100 and ordered to pay court costs. Galluzzo requested findings of fact and conclusions of law, which the magistrate entered on May 10, 2013. Galluzzo filed objections to the magistrate's decision, which were overruled by the trial court on August 14, 2013. In numerous filings with the court before and after his conviction, Galluzzo asserted that the municipal court lacked jurisdiction and had violated his due process rights. The trial court's judgment rejected these claims.

{¶ 4} Galluzzo appeals from the trial court's judgment, raising one assignment of error. In his brief, he asserts that the trial court erred in denying his demurrer without a hearing and committed plain error in not establishing its jurisdiction before trial. He refers

to the municipal court as a "corporate court" and to the City of Dayton as a "corporate institution." In this context, he claims that the City may only regulate corporate or business activity, and that it failed to establish that he was engaged in such an activity or was "subject to regulation under motor vehicle codes." He asserts that he "can only be regulated by his own conscience" and that his case should have been dismissed. Galluzzo claims that, as a "sovereign" being, he "is not subject to the corporate rules and ordinances of the City of Dayton."

{¶ 5} We begin with Galluzzo's argument about demurrer. In another case in which Galluzzo appealed his conviction of a traffic violation (expired vehicle registration), we recently addressed his argument that the trial court erred in denying his demurrer and in failing to hold a hearing thereon. *St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-4, 2014-Ohio-3260 ("*Galluzzo I*"). In that case, as in this one, Galluzzo relied on R.C. 2941.57 and R.C. 2941.62, and the prosecution argued that common law demurrer had been abolished by Crim.R. 12(A). We stated:

* * * Galluzzo contends that he has the right to file a common law demurrer to the charges. In support, he cites R.C. 2941.57, which permits demurrers to indictments, and R.C. 2941.62, which requires a hearing thereon. The prosecution contends that demurrers were abolished by Crim.R. 12(A).

While Crim.R. 12(A) does abolish demurrers, it is not applicable in this case. The Ohio Traffic Rules apply to all matters involving the "violations of a law, ordinance, or regulation governing the operation and use

of vehicles." Crim.R. 1(C)(3); Traf.R. 1(A) and 2(A). Traf.R. 11 is the equivalent of Crim.R. 12(A), relating to pleadings and motions before plea and trial. While it does not specifically abolish demurrers, it does not mention demurrers as permissible pleadings. Traf.R. 11(A). In any event, demurrers "were previously abolished in misdemeanor cases by R.C. 2937.04, and exceptions to the complaint that could have been made thereunder were consolidated into a motion to dismiss the complaint." 2 Katz & Giannelli, *Criminal Law*, Section 47.2, fn. 2 (2009). We conclude that the trial court did not err in striking the demurrer.

*Galluzzo I* at ¶ 9-10.

**{¶ 6}** We affirm our holding in *Galluzzo I* that demurrers have been abolished in traffic cases. Moreover, even if we were to construe Galluzzo's demurrer as a motion to dismiss the complaint against him, we would find that the trial court properly denied the motion, for the reasons set forth below.

**{¶ 7}** Next, Galluzzo argues that the trial court lacked personal jurisdiction over him in the absence of his consent to such jurisdiction. He asserts that a natural person cannot be bound by statutes or the will of the legislature without his or her consent, "but is bound by a higher law, that being 'Common Law,' the 'law of the land.'"

**{¶ 8}** R.C. 1901.02(A) confers jurisdiction upon the Dayton Municipal Court for misdemeanors occurring within its territorial boundaries. In *Galluzzo I*, we explained:

The judicial power of the state is vested in "such other courts inferior to the supreme court as may from time to time be established by law."

Section 1, Article IV, Ohio Constitution. The constitution gives the General Assembly the power to provide for municipal courts and their jurisdiction. *Behrle v. Beam,* 6 Ohio St.3d 41, 42, 451 N.E.2d 237 (1983). Municipal courts, as they exist today in Ohio, were established in 1951 with the enactment of R.C. Chapter 1901. *Id.*[;] *State v. Spartz*, 12th Dist. Madison No. CA99-11-026, 2000 WL 204280, * 1 (Feb. 22, 2000).

Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. See R.C. 2901.11(A). More to the point, municipal courts have jurisdiction over misdemeanor offenses.

Pursuant to R.C.1901.20, "The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory."

* * *

The Ohio Constitution Section 3, [A]rt. 18, provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." The Ohio Supreme Court in *Village of Struthers v. Sokol*, 108 Ohio St. 263, 140 N.E. [ ] 519 (1923) noted " * * * by virtue of [S]ection 3, [A]rt. 18, of the Ohio Constitution, as amended in 1912, municipalities of the state have police power

directly conferred by the people in all matters of local self-government * * *." *Id*. at 267, 140 N.E. [ ] 520-521. "Promptly after the establishment of home rule in Ohio, municipal control over municipal streets was clearly enunciated. *Billings v. Cleveland Ry. Co.*, 92 Ohio St. 478, 111 N.E. 155 (1915)." *State v. Parker*, 68 Ohio St.3d 283-284, 626 N.E.2d 106, 107 (1994). In *Parker* the Court reiterated " * * * a municipality's authority to regulate traffic comes from the Ohio Constitution * * * ." *Id.* at 285, 626 N.E.2d at 108.

*Galluzzo I* at ¶ 11, quoting *Mount Vernon v. Young*, 5th Dist. Knox No. 2005CA45, 2006-Ohio-3319, ¶ 54-58.

**{¶ 9}** There is no question that the Dayton Municipal Court had jurisdiction over Galluzzo for committing a traffic offense within its territorial jurisdiction.

**{¶ 10}** Additionally, we are unpersuaded by Galluzzo's assertion that his driving was not subject to regulation, because he was not engaged in a commercial or business enterprise. This issue was also addressed in *Young*, which stated:

"In Ohio, a license to operate a motor vehicle is a privilege, and not an absolute property right." *Doyle v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St.3d 46, 554 N.E.2d 97, paragraph two of the syllabus. In fact, it is not a substantial private interest, but a state-regulated privilege. *Maumee v. Gabriel* (1988), 35 Ohio St.3d 60, 63, 518 N.E.2d 558, 561; *State v. Uskert*, 85 Ohio St.3d 593, 599, 1999-Ohio-289, 709

N.E.2d 1200, 1204. To be privileged to operate a motor vehicle in Ohio one must conform to the requirements of law which establish that privilege. *Hill v. Harris* (Hamilton C.P., 1948), 54 Ohio Law Abs. 391, 87 N .E.2d 97, 102.

"The owner of such a license holds it subject to reasonable regulation. His interest in the highway is common to that of every other user for whom the highways are constructed and there must be reasonable regulations to require or guide him in the use of them subject to the privilege of every other citizen to use them for the same purpose. If he cannot demean himself as a careful user, considerate of the right of others to do likewise, he becomes a public nuisance and should be excluded temporarily or permanently from their use. In this holding we do not overlook the right and liberty of appellant to use the highways as guaranteed by the Bill of Rights. At the same time none of these liberties are absolutes but all may be regulated in the public interest. It would produce an intolerable situation on the public highways to subscribe to a theory that they could not be summarily regulated in the interest of the public." *Thomhill v. Kirkman* (Fla., 1953), 62 So.2d 740.

*Young* at ¶ 61-62. *See also State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 13 (holding that there is no fundamental right to drive a motor vehicle).

{¶ 11} R.C. 1901.02 confers jurisdiction to the Dayton Municipal Court for misdemeanors occurring within the City's boundaries. Galluzzo did not refute the City's

evidence that he committed a turn signal violation within the City of Dayton, in violation of R.C.G.O. 71.31. Thus, the Dayton Municipal Court had jurisdiction over the violation of the City's ordinance.

{¶ 12}    Because we have rejected Galluzzo's procedural and jurisdictional arguments, his assignment of error is overruled.

{¶ 13}    The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Andrew D. Sexton
Michael A. Galluzzo
Hon. John S. Pickrel