[Cite as *Shaker Hts. v. El-Bey*, 2017-Ohio-929.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104236**

# CITY OF SHAKER HEIGHTS

PLAINTIFF-APPELLEE

vs.

# BRANDON PROFIT EL-BEY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Shaker Heights Municipal Court
Case No. 15TRD07248

**BEFORE:** E.A. Gallagher, J., Keough, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 16, 2017

**FOR APPELLANT**

Brandon N. Profit, pro se
4115 East 138th Street
Cleveland, Ohio 44118


**ATTORNEY FOR APPELLEE**

C. Randolph Keller
City of Shaker Heights
3400 Lee Road
Shaker Heights, Ohio 44120

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendant-appellant Brandon Profit El-Bey, pro se, appeals his conviction for failure to display license plates in violation of Shaker Heights Codified Ordinances 1135.09. For the reasons that follow, we affirm the trial court's judgment.

## Factual and Procedural Background

**{¶2}** On September 19, 2015, Shaker Heights police issued a citation to El-Bey for failure to properly display license plates in violation of Shaker Heights Codified Ordinances 1135.09. El-Bey pled not guilty and the case proceeded to trial.

**{¶3}** In February 2016, the municipal court found El-Bey guilty of violating Shaker Heights Codified Ordinances 1135.09 and ordered him to pay a fine of $35 and court costs, totaling $375.

**{¶4}** El-Bey appealed his conviction, identifying the following "Statements of Assignments" of error for review:

    a.       Status of a [U]nited States Citizen

    b.       Proof of a contract with The State of Ohio

    c.       Display of a Driver[']s License

    d.       Display of State of Ohio License Plates 1135.09

El-Bey's assignments of error are interrelated. We therefore, address them together.

## Law and Analysis

**{¶5}** El-Bey does not dispute that he violated Shaker Heights Codified Ordinances 1135.09. However, he apparently contends that he is "exempt" from compliance with the ordinance because he is a national of "United Washitaw de Dugdahmoundyah

Mu'ur[,] * * * an Original inhabitant of the Americas and a Freeholder inheritance, under the auspices of the great Highness, Emoress Verdiacee 'Tiara' Washitaw (Washington) Tunica (Turner) Gosten El Bey and Her great 'Crown Prince' Ramisis Abel Bey (later known as 'Hutan Tu'pak Bey')." He asserts that he is "Moorish American" and not a "14th Amendment citizen," United States citizen or Ohio citizen and that because he has "no valid contract with the State of Ohio or the United States that gives anyone jurisdiction over [him]," he is "not subject to" the "de facto Colorable law [or] jurisdiction of the United States" or "the statutes, codes, and ordinances of the State of Ohio" and "cannot be * * * ticketed for traveling on my own land."[1] He argues that he was not required to display Ohio license plates on his vehicle because "the [d]isplay of State of Ohio [l]icense [p]lates is not mandatory in my own Nation" and that his "Nation" has its own "Indigenous Traveling Plates," which he contends were on his vehicle at the time he received the citation. El-Bey's arguments are meritless.

{¶6} Numerous courts have rejected similar challenges to convictions based on "sovereign citizen" or "sovereign nation" arguments. *See, e.g., State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, ¶ 6-7, 11-12; *Garfield Hts. v. Foster*, 8th Dist. Cuyahoga No. 102965, 2016-Ohio-2834, ¶ 9 (noting that "[t]his court and other courts have repeatedly rejected the 'sovereign citizen' argument or defense when challenging jurisdiction and have actually characterized such arguments as frivolous"); *State v. Few*,

_____

[1] El-Bey disputes that he is an Ohio resident, but indicates that "the United Washitaw de Dugdahmoundyah Mu'ur Nation" of which he claims he is a "National" is "situated in the same location" as the state of Ohio.

2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 6 (sovereign citizen theories "'are meritless and worthy of little discussion'"), quoting *Dubose v. Kasich*, S.D.Ohio No. 2:11-CV-00071, 2013 U.S. Dist. LEXIS 6086,* 3 (Jan. 15, 2013); *State v. Blacker*, 12th Dist. Warren No. CA2008-07-094, 2009-Ohio-5519, ¶ 7-10 (rejecting defendant's claim that the trial court lacked jurisdiction to try and convict him of criminal defenses because he is a "sovereign man," a "non-resident alien to the Federal United States, the State of Ohio, and Warren County," and holding that "Ohio's Revised Code and any applicable criminal statutes apply to all individuals, regardless of citizenship or nonresident alien status"); *see also St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-29, 2015-Ohio-3385, ¶ 46 ("'Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.'"), quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011); *State v. Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 3-6 (rejecting defendant's arguments that municipal court lacked subject matter jurisdiction and personal jurisdiction because "municipal court could not obtain jurisdiction over him without his consent" and that "there could be no consent without a 'contract' with the municipal corporation"); *Friend v. Schatzman*, M.D.N.C. No. 1:15CV231, 2015 U.S. Dist. LEXIS 36332, *3-5 (Mar. 24, 2015) (defendant's claim that he was a member of the "United Washitaw de Dugdahmoundyah Mu'ur Nation" and

not a United States citizen did not preclude his arrest, prosecution and conviction for the unlawful possession of cocaine in violation of North Carolina law).

{¶7} As this court stated in *Wyley*:

[T]he United States does not recognize the Moorish Nation as a sovereign state. *Speed v. Mehan*, E.D.Mo. No. 4:13CV1841, 2013 U.S. Dist. LEXIS 153429, *5 (Oct. 25, 2013); *Allah El v. DA for Bronx Cty.*, S.D.N.Y. No. 09CV8746, 2009 U.S. Dist. LEXIS 105869, *3 (Nov. 4, 2009); *Benton-El v. Odom*, E.D.Mo. No. 5:05-CV-242, 2007 U.S. Dist. LEXIS 44270, *6 (June 19, 2007). The self-proclaimed "public minister" or "consular" "cannot unilaterally bestow sovereign immunity upon himself." *Mehan*, citing *United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir.1984). Therefore the party's purported status as a Moorish-American citizen does not "enable him to violate state and federal laws without consequence." *Id.*; *South Carolina v. Ajani Nasir Ali*, D.S.C. No. 1:12-2629-TLW-PJG, 2012 U.S. Dist. LEXIS 183680, *3 (Dec. 4, 2012) ("[T]he defendant's purported ground for removal based on the premise that he should not be prosecuted for a violation of the law of the State of South Carolina because he is an Aboriginal Indigenous Moorish-American is frivolous on its face."); *United States v. Lee-El,* D.Kan. No. 08-20140-01-KHV, 2009 U.S. Dist. LEXIS 109973 (Nov. 24, 2009) (citing a collection of cases finding that aliens in the United States, including aboriginal Moors and Moorish-Americans, must obey the laws of the United States).

*Wyley*, 2016-Ohio-1118, at ¶ 12. The same rule applies with respect to violations of municipal ordinances.

{¶8} Article 18, Section 3 of the Ohio Constitution provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." *See also Mt. Vernon v. Young*, 5th Dist. Knox No. 2005CA45, 2006-Ohio-3319, ¶ 58 ("'a municipality's authority to regulate traffic comes

from the Ohio Constitution'"), quoting *State v. Parker*, 68 Ohio St.3d 283, 285, 626 N.E.2d 106 (1994).

**{¶9}** With respect to the jurisdiction of the Shaker Heights municipal court, "Ohio municipal courts are created by statute * * * and their subject-matter jurisdiction is also set by statute." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 11. As the Second District explained in *St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-4, 2014-Ohio-3260:

> The judicial power of the state is vested in "such other courts inferior to the supreme court as may from time to time be established by law." Article IV, Section 1, Ohio Constitution. The constitution gives the General Assembly the power to provide for municipal courts and their jurisdiction. *Behrle v. Beam*, 6 Ohio St.3d 41, 42, 451 N.E.2d 237 (1983). Municipal courts, as they exist today in Ohio, were established in 1951 with the enactment of R.C. Chapter 1901. *Id.*[;] *State v. Spartz*, 12th Dist. Madison No. CA99-11-026, 2000 Ohio App. LEXIS 612, *1 (Feb. 22, 2000).
>
> Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. *See* R.C. 2901.11(A).[2] More to the point, municipal courts have jurisdiction over misdemeanor offenses.
>
> Pursuant to R.C. 1901.20, "[t]he municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory."[3]

---

[2]R.C. 2901.11(A)(1) provides: "A person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state."

[3]Effective March 23, 2015, R.C. 1901.20(A)(1) was amended. It now states, in relevant part, as follows:

> The municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal

*Id.* at ¶ 11, quoting *Young* at ¶ 54-56.

**{¶10}** The filing of a complaint invokes the jurisdiction of a municipal court. *Matthews*, 2016-Ohio-5055, at ¶ 4, citing *Mbodji* at ¶ 12, and *State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 8. In traffic cases, an Ohio Uniform Traffic Ticket serves as the complaint and summons. *Matthews* at ¶ 4, citing Traf.R. 3(A).

**{¶11}** There is no dispute that the offense at issue occurred while El-Bey was driving his vehicle within the territorial boundaries of Shaker Heights. The record reflects that El-Bey was personally served with an Ohio Uniform Traffic Ticket for violating Shaker Heights Ordinances 1135.09 during a traffic stop on September 19, 2015. El-Bey was subject to the laws of Shaker Heights, including Shaker Heights Codified Ordinances 1135.09, when traveling through the city, and the Shaker Heights Municipal Court had both subject matter jurisdiction and personal jurisdiction over El-Bey for committing an act within the city that violated that ordinance. R.C. 1901.02, 1901.20(A)(1); *see also Dayton v. Galluzzo*, 2d Dist. Montgomery No. 25913, 2014-Ohio-4854, ¶ 8-9, 11 (municipal court had jurisdiction over defendant for committing a traffic offense within its territorial jurisdiction in violation of a city ordinance); *Galluzzo*, 2014-Ohio-3260, at ¶ 3, 11-12 (municipal court had subject matter

---

corporation within its territory, unless the violation is a civil violation based upon evidence recorded by a traffic law photo-monitoring device and issued pursuant to division (B)(3) of section 4511.093 of the Revised Code or the violation is required to be handled by a parking violations bureau or joint parking violations bureau pursuant to Chapter 4521. of the Revised Code. * * *

jurisdiction and personal jurisdiction over defendant cited for expired vehicle registration in violation of village ordinance).

**{¶12}** El-Bey has asserted that the city could not exercise jurisdiction over him because he did not have a "contract" with the city or state in the form of an Ohio driver's license or Ohio license plates. This claim is disingenuous. At oral argument El-Bey acknowledged that he had an Ohio license plate on the front of his vehicle at the time he was stopped, i.e., that he was cited for the absence of a valid rear license plate and that he also had an Ohio "identification card," which he used for purposes of "convenience," such as establishing a checking account. Appellant is oddly selective in his acceptance of government rules regulations.

**{¶13}** El-Bey also asserts that he has "a common fundamental right" to travel and that his operation of his vehicle was not properly subject to regulation because he was not using his vehicle as part of a commercial enterprise. Other courts have previously considered and rejected similar arguments. For example, in *Matthews*, *supra*, the Second District stated:

> [The defendant] also argues that freedom of movement and travel are "rights" which cannot be unconstitutionally "converted" into a governmental privilege by requiring licensure and registration. However, there is no fundamental right to drive a motor vehicle, and a "burden on a single mode of transportation simply does not implicate the right to interstate travel." *St. Paris v. Galluzzo*[, 2014-Ohio-3260,] at ¶ 15, quoting *State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 13 (which quoted *Duncan v. Cone*, 6th Cir. No. 00-5705, 2000 U.S. App. LEXIS 33221 (Dec. 7, 2000)). "The right of a citizen to operate a motor vehicle upon the highways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety

and welfare." *State v. Starnes*, 21 Ohio St.2d 38, 45, 254 N.E.2d 675 (1970), quoting *Blow v. Commr. of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351, 352 (S.D.1969). Licensure and registration are such reasonable regulations.

*Matthews,* 2016-Ohio-5055, at ¶ 7; *see also Young*, 2006-Ohio-3319, at ¶ 60-75;

*Galluzzo*, 2014-Ohio-4854, at ¶ 10. We agree with the reasoning of these courts.

El-Bey's assignments of error are meritless and are overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights

Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR