OPINION
{¶ 1} Defendant-appellant, James Short, appeals from his conviction and sentence on one count of having physical control of a vehicle while under the influence of alcohol. R.C. 4511.194.
 {¶ 2} During the early morning of July 9, 2005, Michael Delligata walked outside of the restaurant in Versailles where he was employed. He heard the sound of loud music, but went back inside the restaurant to finish his duties. Approximately fifteen minutes later, Delligata once again went outside and this time realized that loud music was coming from Defendant's convertible, which was in the restaurant's parking lot.
 {¶ 3} Delligata approached Defendant's convertible, which had the top down. Defendant was slumped over in the front seat. Delligata tapped on the passenger side window and said something to Defendant in an attempt to determine whether Defendant was asleep. However, Defendant did not move or respond. Fearing that Defendant was dead, Delligata went to the nearby police station and explained to the officer on duty what Delligata had seen in the restaurant parking lot.
 {¶ 4} Versailles Police Officers Hurd and Kemper drove to the restaurant parking lot. Upon arrival, Officer Hurd directed the police vehicle's spotlight on Defendant for approximately fifteen seconds. Defendant did not move. Office Hurd and Kemper then exited the police cruiser and approached Defendant's convertible on foot. Defendant awoke as Officer Hurd approached the driver's side window.
 {¶ 5} Officer Hurd noticed that the engine of Defendant's convertible was running and that the stereo was playing loud music. Officer Hurd asked Defendant to turn down the volume of the music. Defendant fumbled with the stereo controls, but did not turn down the volume until Officer Hurd had asked him four or five times to do so.
Officer Hurd noticed a very strong odor of alcohol, and that Defendant's eyes were glassy and bloodshot. In response to Officer Hurd's question, Defendant stated that he had been drinking beer earlier that evening.
 {¶ 6} Officer Hurd asked Defendant for some form of identification, but Defendant could not locate any. Defendant was asked to exit the car and perform sobriety tests. Defendant exited the car and leaned on the car, as he could barely stand. Defendant refused to submit to sobriety tests because he did not believe that he could trust the police officers.
 {¶ 7} Officer Hurd arrested Defendant, handcuffed him, and searched Defendant's pockets, where he found an identification card.
The officers transported Defendant to the police station. At the station, Defendant refused to take any blood-alcohol tests. Defendant was charged with one count of having physical control of a vehicle while under the influence of alcohol in violation of R.C. 4511.194(B), a misdemeanor of the first degree.
 {¶ 8} A bench trial was scheduled for December 12, 2005. On the day of trial, Defendant objected that he expected to have a jury trial and had asked his attorney to request one. However, Defendant had not filed a written demand for a jury trial. Therefore, the trial court denied Defendant's oral request for a jury trial.
 {¶ 9} At the conclusion of the bench trial the court found Defendant guilty of one count of having physical control of a vehicle while under the influence of alcohol in violation of R.C. 4511.194(B). The trial court sentenced Defendant to sixty days imprisonment and imposed a $500 fine. All sixty days imprisonment and $400 of the $500 fine were suspended on condition that Defendant have no similar or alcohol related violations for a period of one year.
 {¶ 10} Defendant filed a timely notice of appeal on January 5, 2006.
FIRST ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT ERRED IN FAILING TO CONDUCT A SUFFICIENT HEARING TO DETERMINE WHETHER OR NOT APPELLANT HAD BEEN DEPRIVED OF HIS RIGHT, UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS THE OHIO CONSTITUTION, OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND TO DUE PROCESS UNDER THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 12} Defendant argues that he was unreasonably denied a jury trial and was denied a fair hearing on a related ineffective assistance of counsel claim. The State responds that Defendant's failure to file a written demand for a jury trial was a complete waiver of his right to a jury trial.
 {¶ 13} There is no absolute right to a jury trial when a defendant is charged with misdemeanor offenses. City of Mentor v. Giordano (1967), 9 Ohio St.2d 140, 143. It is permissible for the State to require, by statute or rule, an affirmative act on the part of the defendant to demand a jury trial in a misdemeanor case. Id.
 {¶ 14} Crim. R. 23(A) provides: "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 15} Defendant was charged with one count of having physical control of a vehicle while under the influence of alcohol in violation of R.C.4511.194(B), a misdemeanor of the first degree. This offense constitutes a petty offense. Crim. R. 2(C)-(D). It is undisputed that Defendant failed to file a written jury demand within the period prescribed by Crim. R. 23(A). Therefore, Defendant waived his right to a jury trial. Defendant argues that the failure of his trial counsel to file a written demand for a jury trial constitutes ineffective assistance of counsel. Defendant contends that he informed the trial court on the day of trial that he had requested his counsel to file a request for jury trial two months prior to the trial. At the beginning of the trial, the following exchange took place:
 {¶ 16} Defendant: Your Honor, before we start, I'd like to say I believe my rights are being violated here because I asked for a jury trial.
 {¶ 17} Court: Is that in writing, Mr. Rohrer?
 {¶ 18} Defense Counsel: It is not, Your Honor. When I was — found out about that, it was past the time for writing and to my understanding there wasn't going to be a jury trial.
 {¶ 19} Defendant: I asked for that two months ago.
 {¶ 20} Court: According to your counsel, there's nothing filed in this Court requesting a jury trial. On misdemeanors, there's a time frame for the filing of a jury trial request. And since that time frame wasn't met, your request is denied. Mr. Guillozet, do you have an opening statement?
 {¶ 21} Defendant's trial counsel stated that counsel was not informed of Defendant's preference for a jury trial until the time for filing a written jury demand had passed. That statement refuted Defendant's assertion that Defendant had requested his attorney to ask for a jury trial over two months prior to the date of the trial.
No other evidence of record addresses this subject. Given the facts before us, we cannot find that the trial court abused its discretion in accepting defense counsel's explanation regarding the lack of a written jury demand. Therefore, no violation of a duty Defendant was owed by his attorney is portrayed. To the extent Defendant wishes to rely on evidence outside of the record to claim ineffective assistance of counsel, his remedy is a petition for post-conviction relief. R.C.2953.21.
 {¶ 22} Defendant also argues that his conviction should be reversed because there was a danger that Defendant's record of prior offenses influenced the trial court's determination of Defendant's guilt, because Officer Hurd had a predisposition to believe Defendant was guilty, and because the trial court had a "possible demeaning attitude toward the homeless." These arguments are without merit.
 {¶ 23} Defendant has presented no evidence that he was prejudiced by the occurrence of a bench trial rather than a jury trial or that the bench trial yielded an unreliable result. Defendant had an opportunity at trial to cross-examine Officer Hurd to reveal any alleged problems with the investigation on the morning of July 9, 2005, or any alleged predisposition Officer Hurd may have had regarding the investigation. Further, there is no evidence in the record that the trial court was improperly influenced by Defendant's record. Finally, Defendant has not presented any evidence that the trial court was biased or prejudiced against him at trial. Rather, the only support Defendant provides for his claim is a passage from an August 9, 2005 hearing on Defendant's motion for driving privileges. Defendant did not thereafter seek to recuse the judge pursuant to R.C. 2701.031 prior to the trial on December 12, 2005. That was his sole avenue of relief for alleged bias. More importantly, however, a slightly insensitive statement by the trial court at a prior motion hearing is an insufficient basis on which to conclude that the trial court was biased in such a way as to have denied Defendant a fair trial.
 {¶ 24} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 25} "APPELLANT'S CONVICTIONS WERE AGAINST THE SUFFICIENCY AND/OR THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 26} Defendant argues that the police acted without reasonable suspicion to attempt to administer field sobriety tests, without further investigation, and lacked probable cause to arrest Defendant. Accordingly, Defendant argues that his conviction was against the sufficiency and manifest weight of the evidence.
 {¶ 27} "Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial would, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "Weight" of the evidence refers to the inclination of the greater amount of the credible evidence presented in a trial to prove the issue established by the verdict that was reached. State v. Thompkins (1997), 78 Ohio St.3d 380, 1997-Ohio-52. The test is whether that evidence is capable of inducing belief in its truth, and whether those truths preponderate in favor of the verdict according to the applicable burden of proof. Id.
 {¶ 28} Defendant was convicted of one count of having physical control of a vehicle while under the influence of alcohol. R.C. 4511.194(B) states: "No person shall be in physical control of a vehicle . . . while under the influence of alcohol. . . ." "Physical control" means "being in the driver's position of the front seat of a vehicle . . . and having possession of the vehicle's . . . ignition key or other ignition device." R.C. 4511.194(A)(2). Being in the driver's seat of a vehicle with its engine is running while the key is in the ignition constitutes "physical control," regardless of whether Defendant was asleep at the time when the police arrived at the scene.
 {¶ 29} The further issue is whether Defendant was under the influence of alcohol while he was in physical control of the vehicle. One is under the influence of alcohol for purposes of a "physical control" violation when alcohol has impaired the person's ability to operate the vehicle safety, should operation be attempted. Certain behaviors inherently suggest consumption of alcohol and a resulting condition of impairment.
 {¶ 30} A restaurant employee came to the police station and reported that a man was passed out or dead in a convertible in the parking lot of the restaurant at which the employee worked. Upon arrival at the scene, the police officers found the engine of the car was running, and they directed a spotlight onto Defendant for approximately fifteen seconds. Defendant was asleep in the driver's seat and did not move, despite the spotlight and loud music playing on the radio. When the officers approached Defendant's car, Defendant awoke abruptly. His eyes were glassy and bloodshot. A strong odor of alcohol emanated from Defendant. Despite being asked four or five times to turn down the volume of the radio, Defendant had difficulty turning the radio down. After exiting his car, Defendant had difficulty standing. He leaned on his car for support.
Under these circumstances, the officers' initial investigation was reasonable and the arrest was made on probable cause to believe that a violation of R.C. 4511.194(B) occurred. State v. Gill (1994),70 Ohio St.3d 150, 154-55, 1994-Ohio-403. The evidence was sufficient to support Defendant's conviction for that offense, and his conviction is not against the manifest weight of the evidence.
 {¶ 31} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 32} "THE COURT'S IMPOSITION OF A $500 FINE IN THIS MATTER WAS UNREASONABLE, EXCESSIVE AND UNSUPPORTED BY THE RECORD."
 {¶ 33} Defendant argues that the trial court's imposition of a $500 fine was unreasonable in light of the fact that Defendant is retired, lives in a van, receives a small amount of social security and $61 per month in food stamps.
 {¶ 34} Defendant was convicted of a violation of R.C. 4511.194(B), a misdemeanor of the first degree. R.C. 4511.194(D). A misdemeanor of the first degree carries a maximum fine of $1,000. R.C. 2929.28(A)(2)(a)(i). The trial court did not impose the maximum $1,000 fine. Rather, the trial court imposed a $500 fine, but suspended $400 of that fine. Therefore, Defendant owed $100 plus court costs. The trial court ordered that the amount owed could be paid through a payment plan. The evidence of record establishes that Defendant owns three vehicles: his convertible and two vans. Under these facts, we cannot find that the fine imposed by the trial court was excessive or unreasonable.
 {¶ 35} Defendant's third assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN and DONOVAN, JJ., concur.