[Cite as *State v. Smalls*, 2017-Ohio-8763.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.  27387 |
| | : | |
| v. | : | T.C. NO. 2015-CRB-866W |
| | : | |
| SHONTA SMALLS | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

### O P I N I O N

Rendered on the 1st day of December, 2017.

. . . . . . . . . .

RAYMOND DUNDES, Atty. Reg. No. 0041515, Montgomery County Prosecutor's Office, 7 S. Mechanic Street, Lebanon, Ohio 45036
     Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, Suite 200 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

     **{¶ 1}** Shonta Smalls was originally charged by complaint with one count of Theft,

a first degree misdemeanor, in violation of R.C. 2913.02(A)(1). The case proceeded to a bench trial on April 19, 2016. After the trial, on July 18, 2016, the trial court filed a Decision and Entry finding Smalls guilty. The trial court then sentenced Smalls to 180 days, 150 suspended. Smalls was ordered to pay a fine of $500.00, which was also suspended, and court costs of $210.00. Smalls filed a Motion for Stay of Execution of Sentence that was granted and later a Notice of Appeal.

{¶ 2} Appointed counsel for Smalls filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), stating he can find no meritorious issues for appellate review. We notified Smalls of her appellate counsel's representation and afforded her sufficient time to file a pro se brief. None has been received. This matter is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} Smalls' appellate counsel has identified one possible issue for appeal as follows: "The defendant was deprived of her right to a jury trial that is guaranteed in the Sixth and Fourteenth Amendments to the U.S. Constitution and section 5 & 10, Article 1 of the Ohio Constitution when she did not knowingly, intelligently, and voluntarily waive said right."

{¶ 4} "In misdemeanor cases, a criminal defendant does not have an absolute right to a jury trial. . . . Rather, a defendant charged with a misdemeanor waives the right to a jury trial unless he makes a timely written demand in accordance with Crim.R. 23(A)." *State v. Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 11. Under Crim.R. 23(A), "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing

and filed with the clerk of court not less than ten days prior to the date set for trial . . . ." Crim.R. 23(A) further states a failure to demand a jury trial is a complete waiver of the right.

{¶ 5} A review of the record reveals that Smalls did not request a jury trial via the required written demand in accordance with Crim.R. 23(A). The record indicates there was a Notice to Appear for Trial filed on March, 25, 2016 and the trial was set for April 19, 2016. If Smalls desired a jury trial she had ample time to comply with Crim.R. 23(A) and provide a written demand ten days prior to April 19, 2016.

{¶ 6} In addition to reviewing the possible issue for appeal raised by Smalls' appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Smalls' appeal is without merit and the judgment of the trial court is affirmed and no new appellate counsel will be appointed.

. . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.


Copies mailed to:

Raymond Dundes
Daniel Brinkman
Shonta Smalls
Hon. Adele M. Riley