[Cite as *Thompson v. Cuyahoga Cty. Clerk of Courts*, 2020-Ohio-382.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOHNNY THOMPSON,                           :

    Plaintiff-Appellant,              :

                                     No. 108806

    v.                                :

CUYAHOGA COUNTY
CLERK OF COURTS,                           :

    Defendant-Appellee.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 6, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-914989

---

*Appearances:*

Johnny Thompson, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian R. Gutkoski, Assistant Prosecuting Attorney, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant Johnny Thompson appeals the trial court's decision to grant defendant-appellee's Civ.R. 12(B)(6) motion to dismiss. For the reasons that follow, we affirm.

## Facts

{¶ 2} On September 21, 2017, appellant Johnny Thompson mailed an "Accusation by Affidavit," pursuant to R.C. 2935.09 and 2935.10, to the Cuyahoga County Clerk of Courts. His affidavit alleged that a key witness in his 2012 trial had perjured himself. Upon receipt, Thompson alleges that the clerk's office deliberately misfiled his affidavit as a civil complaint and that he was subsequently charged $118 for the filing fee. Thompson then filed motions with the trial court on November 15, 2017, December 7, 2017, and January 22, 2018, in an attempt to notify the judge of the alleged violation. The judge found that each motion failed to meet the requirements of Evid.R. 201(B) and declined to rule. Thompson elected to file a civil suit at that time.

{¶ 3} Thompson's complaint, filed May 8, 2019, alleges that he suffered damages as a result of the clerk of courts' deliberate misfiling of his affidavit. Thompson requested $100,000 dollars in damages — including punitive damages — for the alleged misfiling. Cuyahoga County filed a motion to dismiss on Civ.R. 12(B)(6) grounds on June 20, 2019.

{¶ 4} The county cited five reasons why the trial court should dismiss the action including that "the County-Entity Defendant is immune under R.C. 2744.02." The trial judge waited only four days before ruling on the motion on June 24, 2019. Thompson did not have an opportunity to object to the county's motion to dismiss because of the trial court's untimely grant of the dismissal; nevertheless Thompson did not file an objection to the motion to dismiss nor appeal the court's untimely

approval. The trial court granted the motion to dismiss for failure to state a claim for which relief could be granted.

{¶ 5} Thompson filed a notice of appeal on July 17, 2019.

## Law and Analysis

{¶ 6} Thompson's initial affidavit was submitted correctly pursuant to R.C. 2935.09 and 2935.10; however there is nothing in this record that suggests his complaint was misfiled. Thompson did not file an appeal on that issue, instead chose to pursue a civil complaint against Cuyahoga County. It is from that suit that this appeal arises. He has raised two assignments of error for our review.

### Assignment of Error 1

Appellant contends that he was denied procedural and substantive due process and equal protection of law under the 1st, 5th, and 14th Amendments to the United States Constitutions where the trial court misapplied R.C. 2935.09 and 2935.10 standard of review for probable cause determination, and abused its discretion when it dismissed the complaint, which was contrary to procedures.

### Assignment of Error 2

Appellant contends that the trial court denied him due process and equal protection of law under the 1st, 5th, 14th amendments to the United States Constitutions where it imposed upon the appellant-victim of a crime, an illegal court cost, filing fees for attempting to file and report a crime.

## Standard of Review

{¶ 7} This court applies a de novo standard of review of a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio

St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136.

{¶ 8} A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted where it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [him] to relief." *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

## Political Subdivision Immunity

{¶ 9} At the outset, it must be noted that only Thompson's first assignment of error in any way addresses the question of whether the trial court erred in granting the motion to dismiss. The second assignment of error serves only as an attempt to bolster his underlying suit. Therefore, we will address only the first assignment of error.

{¶ 10} The sole question then for this court is whether the Cuyahoga County Clerk of Courts — while performing governmental functions — is a political subdivision immune from liability under R.C. Chapter 2744. We find that it is immune and that the motion to dismiss was properly granted.

{¶ 11} In Ohio, political subdivision immunity is governed by R.C. Chapter 2744. This chapter sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability for injury or loss of property. *See Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521.

{¶ 12} The first tier, pursuant to R.C. 2744.02(A)(1), states in relevant part that

> [e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

{¶ 13} The second tier of the analysis then, requires a court to consider whether any exceptions to immunity apply as set forth in R.C. 2744.02(B). *Barton v. Cty. of Cuyahoga*, 8th Dist. Cuyahoga No. 105008, 2017-Ohio-7171. If an exception applies, then under the third tier of analysis immunity may be reinstated if the political subdivision can demonstrate the applicability of any of the defenses set forth in R.C. 2744.03.

{¶ 14} Here, appellant's suit concerned the governmental functions of the employees of the Cuyahoga County Clerk of Courts. A county is a political subdivision and the "operation of a clerk of courts' office is a governmental function." *Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010-Ohio-1483, 927 N.E.2d 585. The clerk of courts and its employees, performing their government functions, are not liable under these facts in a civil action stemming from the performance of their government functions. Defendant would only be liable if any exceptions to immunity apply per R.C. 2744.02(B). None do.

{¶ 15} Appellant argues that the trial court erred but offers no relevant authority to support that defendant-appellee is not immune from suit. As a result, we find that his arguments lack merit.

{¶ 16} Based on the foregoing, we find the trial court did not err in granting the county's Civ.R. 12(B)(6) motion to dismiss on the basis that it is immune from liability in this case.

{¶ 17} Finally, we must consider the state's motion for sanctions filed pursuant to App.R. 23 on grounds that the appeal presents no reasonable question for review.

{¶ 18} App.R. 23 states, "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." A frivolous appeal is one that presents no reasonable question for review. *Talbott v. Fountas*, 16 Ohio App. 3d 226, 475 N.E.2d 187 (10th Dist.1984). We find Thompson's arguments regarding immunity provided a reasonable question for our review; therefore we overrule the state's request.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR