[Cite as *State v. Smith*, 2024-Ohio-5641.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 16-24-02

  v.

DREKAR F. SMITH,

O P I N I O N

     DEFENDANT-APPELLANT.


STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 16-24-03

  v.

DREKAR F. SMITH,

O P I N I O N

     DEFENDANT-APPELLANT.


STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 16-24-04

  v.

DREKAR F. SMITH,

O P I N I O N

     DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DREKAR F. SMITH,

    DEFENDANT-APPELLANT.

CASE NO. 16-24-05

O P I N I O N

**Appeals from Upper Sandusky Municipal Court**
**Trial Court Nos. CRB 2300467, CRB 2300467, TRD 2304132**
**and TRD 2304132**

**Judgments Affirmed**

**Date of Decision:  December 2, 2024**

**APPEARANCES:**

    *Drekar F. Smith*, Appellant

**WALDICK, J.**

{¶1} Defendant-appellant, Drekar F. Smith ("Smith"), brings these appeals from the January 18, 2024 judgments of the Upper Sandusky Municipal Court. For the reasons that follow, we affirm the judgments of the trial court.

Case Nos. 16-24-02, 03, 04, 05

*Background*

**{¶2}** On December 22, 2023, Smith was charged with Obstructing Official Business in violation of R.C. 2921.31, a second degree misdemeanor, Failure to Disclose Personal Information in violation of R.C. 2921.29(A)(1), a fourth degree misdemeanor, Failure to Display Driver's License in violation of R.C. 4507.35, an unclassified misdemeanor, and Failure to Display License Plate in violation of R.C. 4503.21, a minor misdemeanor.[1] Smith pled not guilty to the charges.

**{¶3}** Proceeding *pro se*, Smith filed a pretrial "Memorandum of Law in Support of Notice to Abate" arguing, *inter alia*, that he had a fundamental right to travel, and that the State did not file a proper complaint.[2] Smith's filing included attachments such as an "Affidavit of Sovereignty" and a section on "Federal Jurisdiction" that referenced the Uniform Commercial Code.[3] The trial court filed a written entry summarily overruling Smith's filing.

**{¶4}** On January 18, 2024, Smith proceeded to a bench trial. Smith represented himself and began the proceedings by stating as follows:

---

[1] The Obstructing Official Business charge was designated as trial court case CRB2300467(A), which corresponds to appeal 16-24-02. The Failure to Disclose Personal Information charge was designated as trial court case CRB2300467B, which corresponds to appeal 16-24-03. The Failure to Display Driver's License charge was designated as trial court case TRD2304132A, which corresponds to appeal 16-24-04. The Failure to Display License Plate charge was designated trial court case TRD2304132B, which corresponds to appeal 16-24-05.

[2] "An Ohio Uniform Traffic Ticket [properly] serves as the complaint and summons." *State v. Matthews*, 2016-Ohio-5055, ¶ 4, (2d.Dist.), citing Traf.R. 3(A).

[3] Any arguments related to the UCC are unavailing. *See*, *e.g.*, *Matthews* at ¶ 8, citing *United States v. Mitchell*, 405 F.Supp.2d 602 (D.Md.2005).

Let the record show that I, Drekar Freeze of the family smith is a sui juris, and here on special appearance. I'm the beneficiary of the public transmitting utilities so issued by the State of Ohio, in all caps D-R-E-K-A-R, F-R-E-E-Z-E, Smith.

Let the record show the Magistrate before the trial put in a plea of not guilty on his behalf without my consent when I moved the Court to dismiss.

Let the record show I, a beneficiary, reserve my unalienable rights per UCC 1-308 without prejudice, without a subset, I give the Court no consent. I am a non-resident alien to the Federal United States federal zone.

I, sui juris, am a man, a living soul, flesh and blood. I am among the national citizenry of the Continental United States. I am not a person or a captive from (inaudible). And UCC 1 – UCC 1-3 – or UCC 1-103.6 is the recourse.

(Tr. at 5). Smith's opening comments, couched in nonsensical and irrelevant legalese, were indicative of his statements throughout the trial.

{¶5} The State presented the testimony of three officers who interacted with Smith on December 22, 2023. Ultimately Smith was found guilty of all four charges against him. The trial court fined Smith for each charge, but did not impose any jail time. Judgment entries reflecting Smith's convictions were filed January 18, 2024.

{¶6} Smith filed notices of appeal from all four of his convictions. Rather than asserting specific assignments of error, Smith's brief asserts four primary "Issues Presented" for this Court to consider. Although Smith's brief is generally not compliant with the Appellate Rules, *see State v. Moore*, 2021-Ohio-1379, ¶ 82

Case Nos. 16-24-02, 03, 04, 05

(10th Dist.), we will review his arguments in the interests of justice. *See also* App.R.

12(A)(1)(b). We will list the "Issues Presented" as though they are assignments of

error, and address them accordingly.

> **The first legal issue is TRD2304132A Ohio Revised Code Section 4507.35 Duty to display license or furnish satisfactory proof of license upon demand: penalty.** [sic]

> **Second Legal issue is TRD2304132B Ohio Revised Code Section 4503.21 Display of license plates and validation stickers or temporary license registration.**

> **[Third] legal issue is CRB2300467A Ohio Revised code Section 2921.31 Obstructing official business.**

> **Last legal issue is CRB2300467B Ohio Revised code Section 2921.29 Failure to disclose personal information.**

{¶7} Smith's "issues presented" and his arguments essentially challenge the

sufficiency of the State's evidence to find him guilty of the charges against him.[4]

### Standard of Review

{¶8} "Whether the evidence is legally sufficient to sustain a verdict is a

question of law." *State v. Thompkins*, 1997-Ohio-52; *State v. Groce*, 2020-Ohio-

6671, ¶ 6. Therefore, our review is de novo. *In re J.V.*, 2012-Ohio-4961, ¶ 3. In a

---

[4] The final judgment entries in this case indicate that the fines and costs have been paid. Smith was not ordered to serve any jail time, so this could render his appeal moot under *Cleveland Hts. v. Lewis*, 2011-Ohio-2673, if we determined that Smith had "voluntarily" completed his sentence. However, Smith specifically asked at sentencing if he still had the right to appeal if he paid his fines and costs in full, and the trial court responded "uh huh." (Tr. at 69). Given that Smith was expressing his desire to appeal the judgment before he paid his fines, we do not find that his payment falls under the ambit of "voluntarily" completing his sentence under *Lewis*.

sufficiency-of-the-evidence inquiry, the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus (superseded by constitutional amendment on other grounds as stated in *State v. Smith*, 1997-Ohio-355, fn. 4) following *Jackson v. Virginia*, 443 U.S. 307 (1979). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386.

Controlling Statutes

{¶9} Smith was convicted of Obstructing Official Business in violation of R.C. 2921.31(A), Failure to Disclose Personal Information in violation of R.C. 2921.29(A), Failure to Display License in violation of R.C. 4507.35, and Failure to Display License Plate in violation of R.C. 4503.21. These statutory subsections read as follows:

[Obstructing Official Business]

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

[Failure to Disclose Personal Information]

(A) No person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects either of the following:

(1) The person is committing, has committed, or is about to commit a criminal offense.

[Failure to Display License]

(A) The operator of a motor vehicle shall display the operator's driver's license, or furnish satisfactory proof that the operator has a driver's license, upon demand of any peace officer or of any person damaged or injured in any collision in which the licensee may be involved. When a demand is properly made and the operator has the operator's driver's license on or about the operator's person, the operator shall not refuse to display the license. A person's failure to furnish satisfactory evidence that the person is licensed under this chapter when the person does not have the person's license on or about the person's person shall be prima-facie evidence of the person's not having obtained a driver's license.

[Failure to Display License Plate]

(A)(1) No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the rear of the motor vehicle a license plate that displays the distinctive number and registration mark assigned to the motor vehicle by the director of public safety, including any county identification sticker and any validation sticker when required by and issued under sections 4503.19 and 4503.191 of the Revised Code. However, a commercial tractor shall display the license plate on the front of the commercial tractor.

Evidence Presented at Trial

{¶10} The evidence presented at trial was simple and straightforward. On December 22, 2023, Trooper Devon Huffman of the Ohio State Highway Patrol observed a vehicle being driven with an invalid license plate. The plate appeared to be paper or cardboard. It had no identifying markings from any particular state. The

center of the paper read "private" and it said something about "United States American Republic." It also referenced the Uniform Commercial Code.

**{¶11}** Trooper Huffman followed the vehicle and paced it, observing the vehicle traveling 72 mph in a 65 mph zone. Trooper Huffman initiated a traffic stop of the vehicle and approached the vehicle from the passenger side. A man Huffman later identified as Smith was driving the vehicle. Smith rolled his passenger window halfway down and began recording the interaction on his cell phone. Trooper Huffman called for backup.

**{¶12}** Trooper Huffman asked Smith for his license, registration and insurance multiple times. Smith refused to provide the documentation. Instead, Smith "pulled out a binder, began to flip through it to find different sheets of paper with different texts on them." (Tr. at 18). However, Smith never handed over his license. Smith continued to refuse to provide his name, date of birth and address as requested.

**{¶13}** Officer Ryan Hardy of the Carey Police Department arrived at the scene to provide assistance. He heard Trooper Huffman repeatedly ask Smith for identification but Smith kept saying "no contract" or he "does not give consent."

**{¶14}** Smith requested to speak to a supervisor, and Sergeant Allison Mentis of the Ohio State Highway Patrol arrived at the scene. Smith told Sergeant Mentis that he was being "kidnapped." He continued to refuse to provide his name, date of birth, or any information. Sergeant Mentis indicated it was their duty to identify the

driver and she told him to exit the vehicle. Smith refused to exit the vehicle, but he was taken out and arrested.

Analysis

**{¶15}** The evidence presented supports Smith's convictions for Obstructing Official Business, Failure to Disclose Personal Information, Failure to Provide License and Failure to Display License Plate. In attempting to undermine his convictions on appeal, Smith continues to make the same nonsensical arguments he did to the trial court. For example, he argues "A sovereign man or woman has an inherent Right to Travel privately without a Driver License in whichever mode of transportation he or she chooses." (Appt's Br. At 10). He argues "THE STATE OF OHIO has no control over my living being. I, the living sovereign man, flesh and blood, human being, am not STATE OF OHIO property." (*Id*. at 11).

**{¶16}** Smith also argues he was kidnapped when his liberty was restrained (*Id*. at 12), and he argues that it is not a common law crime to travel or to fail to provide a driver's license. (*Id*. at 13). Smith argues that because his natural rights were violated he is entitled to, *inter alia*, $31,502,000.

**{¶17}** This Court, and many other courts, have repeatedly rejected claims that Smith is making. For example, in a case over twenty years ago, *State v. Stuber*, 2002-Ohio-3394, ¶ 8, 11 (3d.Dist.), we rejected similar arguments regarding the right to travel:

> The right to intrastate travel is a fundamental right held by each citizen and cannot be deprived without the due process of law. *State v. Burnett*[], 93 Ohio St.3d 419, 428, 2001-Ohio-1581 . . . [citation omitted] However, driving is a privilege in Ohio and not a right. *Doyle v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St.3d 46, 51, 554 N.E.2d 97. Accordingly, the state can regulate the exercise of the privilege by enacting laws. *State v. Jarzembski* (July 19, 1996), Fulton App. No. F-95-018, citing *State v. Yoder* (June 7, 1995), Fulton App. No. F-94-020.
>
> * * *
>
> Appellant does not allege that he has a fundamental right to drive, but instead that he has a fundamental right to travel. Driving a motor vehicle on a public roadway is only one form of travel. R.C. 4507.02(B)(1) does not prevent Appellant from engaging in interstate or intrastate travel by walking, running, taking a bus, a train, a bicycle or an airplane. Appellant is free to go anywhere he wishes. He is merely restricted to do so by utilizing forms of travel in which he is not the driver of a motor vehicle.

*See also*, *State v. Varsel*, 2014-Ohio-1899 (6th Dist.).

**{¶18}** Whether Smith's arguments are related to being a "sovereign citizen" or a "Moorish Nation" citizen, or any other similar designation, the arguments, including that Smith was unlawfully restrained, are wholly invalid. *Shaker Heights v. El-Bey*, 2017-Ohio-929, ¶ 6 (8th Dist.). In fact, numerous law review articles have been devoted to debunking arguments similar to those made by Smith. *E.G.* Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, Montana L.Rev. 80 MTLR 153; Michael Mastrony, *Common-Sense Responses to Radical Practices: Stifling Sovereign Citizens in Connecticut*, 48 Conn.L Rev. 1013, 1017-

1020 (2016); Joshua P. Weir, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 Lewis & Clark L. Rev. 829, 836 (2015). Somehow, despite the wealth of information that exists debunking these nonsensical claims, the claims continue to make their way to court and fail.

{¶19} Simply put, Smith's brief does not contain any legal arguments that actually undermine his convictions. While he may feel he is a victim of a vast conspiracy and that he has uncovered a quasi-secret way to avoid the laws of Ohio, or of any other state, his arguments are ill-informed and invalid. *See Varsel*; *Stuber*, *supra.* Here, the evidence supports the convictions and we can find no error with the trial proceedings. Therefore, to the extent they are assignments of error, Smith's assignments of error are all overruled.

*Conclusion*

{¶20} Having found no error prejudicial to Smith in the particulars assigned and argued, his assignments of error are overruled and the judgments of the Upper Sandusky Municipal Court are affirmed.

***Judgments Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlm**

-11-