[Cite as *Reynolds v. Kamm*, 2025-Ohio-1102.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Taylin D. Reynolds

    Appellant

v.

Judge Carl Kamm, et al

    Appellees

Court of Appeals No.  E-24-026

Trial Court No. 2024-CV-0009

**DECISION AND JUDGMENT**

Decided: March 28, 2025

* * * * *

Taylin D. Reynolds, appellant pro se.

Charles Bennett, for appellees.

* * * * *

**SULEK, J.**

{¶ 1}  Pro se appellant, Taylin Reynolds, appeals the May 10, 2024 judgment of the Erie County Court of Common Pleas granting appellees Judge Carl Kamm, Clerk of Courts Jennifer Ferback, and Erie County Municipal Court's summary judgment motion on Reynolds' unjust enrichment claim.  Because appellees are immune from liability, the judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On October 28, 2022, an Ohio State Highway Patrol (OHP) trooper issued Reynolds a speeding citation for travelling 88 m.p.h. in a 70-m.p.h. zone on the Ohio Turnpike. The ticket required her November 14, 2022 appearance for arraignment at Erie County Municipal Court.

{¶ 3} On October 31, 2022, Reynolds sent a certified letter to Judge Kamm and Clerk Ferback captioned "Notice of no Legality and Offer to Contract" (Notice). The letter averred that on the date of the citation the State lacked jurisdiction over the matter because Reynolds was driving in the capacity "of the people" and not as an individual subject to the laws of the State of Ohio. Reynolds stated that appellees' failure to either (1) deliver proof of her culpability within 72 hours or (2) dismiss the action within 72 hours would trigger the enforceability of the attached "Appearance and Performance Agreement" (APA). The APA required that the court and clerk pay $96,550 within 48 hours of Reynolds' appearance and "performance" in the case, $43,750 for each continuance in the case, and $70,250 in damages if the case was dismissed.

{¶ 4} On November 14, 2022, Reynolds appeared in court, entered a no contest plea, and paid $170 in fines and costs. Five days later, Reynolds sent appellees a letter demanding payment of $96,550 due to their breach under the APA. Appellees did not tender payment.

{¶ 5} On December 12, 2022, Reynolds filed a complaint for breach of contract in the Cuyahoga County Court of Common Pleas alleging $112,350 in damages. She

2.

attached the Notice and the APA to the complaint. Appellees filed a motion to dismiss for failure to state a claim, which the trial court granted.

{¶ 6} On appeal, the Eighth District Court of Appeals concluded that Reynolds could not enforce the APA because she could not establish the existence of a contract. *Reynolds v. Kamm*, 2023-Ohio-3797, ¶ 21 (8th Dist.). The court explained that only Reynolds signed the APA and that the Notice's threat of "tacit acceptance" by the failure to do one of two specified acts had no legally binding effect. *Id.* at ¶ 22.

{¶ 7} Reynolds commenced the instant action on January 4, 2024, alleging that her expenditure of time, money, and energy stemming from the traffic citation unjustly enriched appellees and violated her constitutional right to self-determination and self-governance. Reynolds stated that under the Bill of Rights, she had the right to determine the compensation owed based on her performance. She claimed entitlement to $11,209,217, plus interest, for her appearance at the November 14, 2022 arraignment because it was "not mandatory by law" and was not a charitable act. Reynolds claimed that her appearance at the arraignment was based solely on her mistaken belief in the validity of the APA Agreement.

{¶ 8} Reynolds' complaint acknowledged her unsuccessful breach of contract lawsuit in Cuyahoga County but stated that the judgment has "no preclusive effect on every other claim that I make outside the AP agreement." She claimed the right to seek restitution for the "Defendants' unjust enrichment at my unjust loss."

3.

**{¶ 9}** Appellees' answer raised several affirmative defenses including that Reynolds failed to state a claim for relief, immunity, and res judicata. On February 8, 2024, appellees filed a motion to dismiss for failure to state a claim. They asserted immunity under R.C. 2744.03(A)(1) and Ohio common law, because the claims arose out of the performance of their official duties. Appellees further argued that the trial court lacked jurisdiction over defendant Erie County Municipal Court because, as an entity, it lacks the ability to benefit from unjust enrichment.

**{¶ 10}** Appellees stated that Reynolds' claims were also barred by res judicata because there was a prior valid judgment on the merits, the parties are the same, the present action raised claims that could have and were previously litigated, and both actions arose from the same occurrence. Appellees attached documents from the prior action and appeal in support.

**{¶ 11}** The magistrate's February 13, 2024 order converted the motion to dismiss to a motion for summary judgment due to appellees' attaching documents outside the pleadings to its motion. The magistrate determined, however, that the attachments would not be considered because they were not proper Civ.R. 56(C) materials.

**{¶ 12}** Reynolds opposed the motion. She contended that her current claims were not barred by res judicata because the Cuyahoga County action did not name the Erie County Municipal Court and the prior breach of contract claim stemmed from the APA, not the "service" she rendered on November 14, 2022. Reynolds further stated that appellees had no immunity defense because they exploited their positions and acted

4.

outside the scope of their duties. Reynolds attached various documents from the Cuyahoga County action which, like appellees' attachments, the court refused to consider.

{¶ 13} On May 10, 2024, the court granted the summary judgment motion and dismissed the action with prejudice. The court stated that the issue of immunity is a question of law and subject to determination on the pleadings. The court then concluded that Judge Kamm and Clerk Ferback were acting in their official capacities in relation to Reynolds' traffic case and that Reynolds acknowledged the court's authority by sending the Notice and APA and requesting that the court dismiss the matter.

{¶ 14} Under Civ.R. 56, the trial court also found that that res judicata barred the matter. The court stated:

> Plaintiff could have litigated her Unjust Enrichment claim in the previous action. She failed to do so; but she did litigate the substance of her claim based upon the Agreement and Notice to its conclusion in the prior case. That case was dismissed and the dismissal affirmed. . . . Plaintiff is barred from bringing a separate, new action based on the same underlying facts/transaction involving her Appearance Agreement.

{¶ 15} This appeal followed.

## II. Assignments of Error

{¶ 16} Reynolds raises the following four assignments of error:

> **First Assignment of Error:** The Lower Court's disregard for the **supremacy** of the Constitutions is both material and prejudicial in the instant Case because it virtually favors the defense of immunity that the Defendants affirm—especially at the unjust loss of both me and the remainder of *the people*.

**Second Assignment of Error:** The Lower Court's application of *Borkowski v. Abood* 117 Ohio St.3d 347, 2008-Ohio-857 (et seq.) is improper because the Defendants **lack personal jurisdiction** over the Citation. That application is both material and prejudicial in the Instant Case because it supports the defense of immunity that the Defendants affirm—especially the unjust loss of both me and the remainder of *the people*.

**Third Assignment of Error:** The Lower Court's failure to comply with such provisions under Civ.R. 56(C) is both material and prejudicial in the Instant Case because it virtually favors such defenses that the Defendants affirm—especially at the unjust loss of both me and the remainder of *the people*.

**Fourth Assignment of Error:** Judge Binette not only (1) testifies in favor of the Defendants in the Erie Judgment but also (2) **falsely** testifies against me in the Erie Judgment—in turn depriving me of <u>due process of law</u>.

### III. Analysis

{¶ 17} Reynolds' first and second assignments of error are dispositive. Reynolds challenges the trial court's finding that appellees were immune from liability because they were acting in their official capacities in relation to her traffic citation. Reynolds contends that the municipal court failed to establish personal jurisdiction over her in relation to the citation. Reynolds' claim is that the court did not have jurisdiction over her because she did not consent.

{¶ 18} Judges and participants in the judicial process are immune from all civil damages claims relating to actions necessary to the judicial process, "even if the actions are done maliciously or in excess of the person's judicial authority, because the nature of the function involves controversy and the judicial officer must be able to act without having to consider the negative reaction of an opposing party." *Haas v. Stryker*, 2013-

6.

Ohio-2476, ¶ 19 (6th Dist.), citing *Mitchell v. Forsyth*, 472 U.S. 511, 522-525 (1985) and *Imbler v. Pachtman*, 424 U.S. 409, 430, (1976); *see also Borkowski v. Abood*, 2008-Ohio-857, ¶ 6; *State ex. rel. Chelala v. Cleveland Mun. Ct., Hous. Div.*, 2019-Ohio-1537, ¶ 4 (8th Dist.). "Judicial immunity dissolves only under two circumstances: (1) if the judge has acted in a non-judicial capacity; or (2) if the judge has performed judicial acts in the complete absence of all jurisdiction." *McCormick v. Carroll*, 2004-Ohio-5969, ¶ 17 (8th Dist.), citing *Triplett v. Connor*, 2004 WL 1987146 (6th Cir. Sept. 3, 2004).

{¶ 19} Likewise, Ohio courts have held that clerks of court have absolute immunity in the performance of judicial or quasi-judicial functions. *Rieger v. Montgomery Cty. Clerk of Courts.*, 2009-Ohio-426, ¶ 12 (2d Dist.); *Petho v. Cuyahoga Cty. Court, Clerk's Office*, 2007-Ohio-5710, ¶ 8 (8th Dist.); *Smith v. A.B. Bonded Locksmith, Inc.*, 143 Ohio App.3d 321, 328 (1st. Dist.2001); *Thompson v. Cuyahoga Cty. Clerk of Courts*, 2020-Ohio-382, ¶ 14 (8th Dist.); see also R.C. 2744.03(A). "Whether an act by an agent of the court is judicial or quasi-judicial, and thus immunized, turns on whether the act is discretionary or ministerial in nature." *Smith* at 328.

{¶ 20} Here, Judge Kamm has been sued in his official capacity as the judicial officer that presided over Reynolds' traffic case. And Ferback has been sued in her official capacity as the clerk of courts for performing the ministerial function of setting the date for Reynolds' arraignment. Thus, both Judge Kamm and Ferback were acting in their judicial or quasi-judicial capacities and are immune from liability in this case.

7.

{¶ 21} In addition, "'[a] court is not sui juris and, absent express statutory authority, can neither sue nor be sued in its own right.'" *Krouskoupf v. Muskingum Cty. Common Pleas Court*, 2025-Ohio-585, ¶ 11, quoting *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-2374. ¶ 26. Reynolds has alleged no statutory authority allowing Erie County Municipal Court to be sued.

{¶ 22} Reynolds' argument that the trial court lacked jurisdiction concerning the traffic citation is also not well taken. Under R.C. 1901.20(A)(1), municipal courts have "jurisdiction over the violation of any ordinance of any municipal corporation within its territory, including exclusive jurisdiction over every civil action concerning a violation of a state traffic law or a municipal traffic ordinance." It is undisputed that the Erie County Municipal Court, its judge, and the clerk of courts has jurisdiction over traffic citations issued in Erie County. The OHP issued Reynolds a traffic citation in Erie County. Thus, appellees had subject matter jurisdiction over the matter.

{¶ 23} Reynolds also claims that absent her consent, appellees lacked personal jurisdiction over her because the U.S. Constitution is the only binding law and that she operated her vehicle in her "one of the people" capacity, not the capacity of "one or more persons" subject to the provisions of R.C. Chapter 4511. In other words, Reynolds' engagement in private, non-commercial affairs at the time the trooper issued the citation required that it be proven that she is, in fact, that "person" subject to the relevant traffic violation.

8.

**{¶ 24}** These types of "sovereign" claims have been reviewed and consistently rejected by Ohio courts. *Cleveland v. Long*, 2021-Ohio-941, ¶ 6 (8th Dist.), quoting *Shaker Heights v. El-Bay*, 2017-Ohio-929, ¶ 6 (8th Dist.). *See State v. Smith*, 2024-Ohio-3344, ¶ 10 (6th Dist.); *State v. Godley*, 2018-Ohio-4253, ¶ 20, fn. 2 (3d Dist.).

**{¶ 25}** Similar to this case, in *State v. Matthews*, 2016-Ohio-5055 (2d. Dist.), police issued Matthews various traffic citations and the municipal court judge found him guilty. *Id.* at ¶ 1. On appeal, Matthews claimed that the court did not have personal jurisdiction over him absent his consent, and that there could be no consent without a contract. *Id.* at ¶ 3. The Second District Court of Appeals rejected the argument finding that "consent is irrelevant and unnecessary to a court's jurisdiction." *Id.* at ¶ 5. *See El-Bey*, 2017-Ohio-929 (8th Dist.) (finding meritless the argument that the court lacked jurisdiction over the defendant absent a contract).

**{¶ 26}** Accordingly, appellees did not need Reynolds' consent to perform judicial or administrative functions relating the traffic citation filed in their court. However, her appearance, plea, and payment of the fine and fees belie her contention that she did not consent to the court's jurisdiction. Thus, appellees are immune from Reynolds' claims as a matter of law and Reynolds' first and second assignments of error are not well-taken.

**{¶ 27}** Based on our disposition of Reynolds' first and second assignments of error, the court finds that Reynolds' third and fourth assignments of error relating to the trial court's finding that res judicata barred Reynolds' claims are moot and not well-taken.

9.

## IV. Conclusion

{¶ 28} Based on the foregoing, the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Reynolds is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE

Gene A. Zmuda, J.

　　　　　　　　　　　　　　　　　　　_____
Charles E. Sulek, P.J.　　　　　　　　　　　JUDGE
CONCUR.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.